# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| TERESA POOR, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD<br><br>                        Petitioner<br><br>v.<br><br>STARBUCKS CORPORATION<br>                        Respondent | PETITION FOR TEMPORARY INJUNCTION UNDER SECTION 10(J) OF THE NATIONAL LABOR RELATIONS ACT<br><br>22--CV-- |

To the Honorable Judges of the United States District Court for the Eastern District of New York:

Comes now Teresa Poor, Regional Director for Region 29 of the National Labor Relations Board (the Board), and petitions this Court for and on behalf of the Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended (the Act), (29 U.S.C. § 160(j)), for appropriate injunctive relief pending the disposition of the matters involved herein before the Board on the Amended Second Consolidated Complaint of the General Counsel of the Board in Board Case Nos. 29-CA-292741, 29-CA-294928, 29-CA-298919, 29-CA-299049, 29-CA-300213 and 29-CA-300564, alleging that Starbucks Corporation (Respondent) has engaged in unfair labor practices in violation of Section 8(a)(1) and 8(a)(3) of the Act (29 U.S.C. §158(a)(1)).

In support of her Petition, Petitioner respectfully shows as follows:

I.

Petitioner, the Regional Director of Region 29 of the Board, an agency of the United States

Government, files this petition for and on behalf of the Board.

II.

Jurisdiction of this Court is invoked pursuant to Section 10(j) of the Act.  (29 U.S.C. §

160(j)).

III.

(a)    On February 10, 2022,[1] Workers United, affiliated with Service Employees

International Union (the Union) filed a representation petition in Board Case No. 29-RC-290364,

supported by fifteen (15) union authorization cards, each signed by an employee of Respondent at

its facility located at 6 Great Neck Road, Great Neck, New York (Great Neck Store), representing

a 100% showing of interest among Respondent's employees at the Great Neck Store.  A copy of

the petition and corresponding affidavit of service is attached as Exhibit A.

(b)    On March 21, the Union filed an unfair labor practice charge in Board Case

No. 29-CA 292741, and later amended it on April 20 to allege that Respondent committed various

violations of Section 8(a)(1) and (3) Act.  A copy of the initial charge in Case No. 29-CA-292741

and corresponding affidavit of service are attached as Exhibit B, and a copy of the first amended

charge in Case No. 29-CA-292741 and corresponding affidavit of service are attached as Exhibit

C.

(c)    On April 28, the Union filed an unfair labor practice charge in Board Case

No. 29-CA-294928, and later amended it on June 1, alleging that Respondent committed various

violations of Section 8(a)(1), including that its District Manager Mario Leon and Store Manager

---

[1] All dates hereinafter are in 2022 unless otherwise specified.

Beth Daniells, threatened employees with discipline, loss of benefits and more strict enforcement of work rules in retaliation for their union activities in violation of Section 8(a)(1) of the Act, and that Respondent issued employee Joselyn Chuquillanqui a disciplinary warning in retaliation for her union activities in violation of Section 8(a)(1) and (3) of the Act.  A copy of the initial charge in Case No. 29-CA-294928 and corresponding affidavit of service is attached as Exhibit D, and a copy of the first amended charge in Case No. 29-CA-294928 and corresponding affidavit of service is attached as Exhibit E.

(d)     On May 3, the Union lost the mail-ballot election in Case No. 29-RC-290364, with the Tally of Ballots showing six (6) votes against the Union, five (5) votes for the Union and with one (1) challenged ballot and no void ballots.  A copy of the Tally of Ballots is attached as Exhibit F.

(e)     On May 10, the Union filed timely Objections to the election in Case No. 29-RC-290364.  A copy of the Union's Objections is attached as Exhibit G.

(f)     On July 7, the Union filed an unfair labor practice charge in Board Case No. 29-CA-298919 alleging that Respondent had issued disciplinary warnings against employee Joselyn Chuquillanqui in retaliation for her union activities.  A copy of the charge in Case No. 29-CA-298919 and corresponding affidavit of service is attached as Exhibit H.

(g)     On July 11, the Union filed an unfair labor practice charge in Board Case No. 29-CA-299049, alleging that Respondent had violated Section 8(a)(1) of the Act, including by threatening employees with unspecified reprisals if they continued to engage in union activities.  A copy of the charge in Case 29-CA-299049 and corresponding affidavit of service is attached as Exhibit I.

(h)     On July 15, Petitioner issued an Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (Consolidated Complaint) in Case Nos. 29-CA-292741 and 29-CA-294928.  A copy of the Consolidated Complaint and corresponding affidavit of service is attached as Exhibit J.

(i)     On July 27, the Union filed an unfair labor practice charge in Board Case No. 29-CA-300213 alleging that on about July 27, Respondent discharged employee Joselyn Chuquillanqui in retaliation for her union activities, in violation of Section 8(a)(3) of the Act.  A copy of the charge in Case No. 29-CA-300213 and corresponding affidavit of service is attached as Exhibit K.

(j)     On July 29, Respondent filed its Answer to Consolidated Complaint in Case Nos. 29-CA-292741 and 29-CA-294928.  A copy of Respondent's Answer is attached as Exhibit L.

(k)     On August 2, the Union filed an unfair labor practice charge in Case No. 29-CA-300564 alleging that Respondent had reduced the work hours it assigned to employee Joselyn Chuquillanqui in retaliation for her union activities in violation of Section 8(a)(1) and (3) of the Act.  A copy of the charge in Case No. 29-CA-300564 and corresponding affidavit of service is attached as Exhibit M.

(l)     On September 20, Petitioner issued an Order Further Consolidating Cases, Second Consolidated Complaint and Notice of Hearing (Second Consolidated Complaint) in Case Nos. 29-CA-292741, 29-CA-294928, 29-CA-298919, 29-CA-299049, 29-CA-300213, and 29-CA-300564.  A copy of the Second Consolidated Complaint is attached as Exhibit N.

IV.

(a)    A trial on the allegations contained in the Consolidated Complaint in Case Nos. 29-RC-290364, 29-CA-292741, 29-CA-294928, 29-CA-298919, 29-CA-299049, 29-CA-300213, and 29-CA-300564 was held before Administrative Law Judge Jeffrey P. Gardner on various dates beginning on October 19, and including October 20, 21, 24, 25, 26, 27, 31 and November 3, on which dates witness testimony and documentary evidence was adduced, including on the merits of the allegations and just and proper factors.

(b)    On October 31, the Administrative Law Judge granted Petitioner's Motion, on behalf of the General Counsel of the Board, to enter into the administrative record Petitioner's Amended Second Consolidated Complaint.    A copy of the Amended Second Consolidated Complaint is attached as Exhibit O.

V.

(a)    There is reasonable cause to believe that the allegations set forth in Petitioner's Amended Second Consolidated Complaint in Board Case Nos. 29-RC-290364, 29-CA-292741, 29-CA-294928, 29-CA-298919, 29-CA-299049, 29-CA-300213, and 29-CA-300564 are true and that Respondent engaged in the unfair labor practices affecting commerce within the meaning of Section 8(a)(1) and 8(a)(3) of the Act, as alleged therein.    Specifically, there is reasonable cause to believe that Respondent violated Section 8(a)(1) of the Act by threatening employees with the loss of opportunities for promotions if they selected the Union as their collective-bargaining representative; threatening employees the loss of benefits, including tuition reimbursement, health insurance and access to managers to address workplace concerns if they selected the Union as their collective-bargaining representative; threatening employees with stricter enforcement of Respondent's work rules related to time and attendance; threatening

employees that it would be futile for them to select the Union as their collective-bargaining representative by telling them that they would not be able to remove the Union as their representative after having selected the Union and that they would not be able to improve their wages, benefits and other working conditions if they chose to be represented by the Union; threating to reduce employees' wages by threatening employees with the loss of opportunities to work in Respondent's other facilities beyond the Great Neck Store; threating employees with loss of employment if they select the Union as their bargaining representative; threating employees that they would be required to participate in strikes; threatening employees that they would have no choice but to have Union dues deducted from their paychecks if they were represented by the Union; soliciting grievances and promising to remedy those grievances if employees refrained from selecting the Union; selectively and discriminatorily maintaining and enforcing a work rule prohibiting employees from making personal audio or video recordings inside the Great Neck Store without consent in order to discourage employees from engaging in union activities; interrogating employees about their union activities and the union activities of their co-workers; creating the impression among employees that their union activities were under surveillance by Respondent; promising employees increased wages and improved terms and conditions of employment if the employees rejected the Union; and directing employees to refrain from engaging in union activities, while threatening them with unspecified reprisals if they continued to engage in union activities. Furthermore, there is reasonable cause to believe that Respondent has violated Section 8(a)(1) and (3) of the Act by maintaining and selectively and discriminatorily enforcing a work rule prohibiting employees from posting materials or messages in the back room of the Great Neck Store in order to discourage employees from engaging in union activities; prohibiting employees from exchanging work shifts with one another without prior approval by

Respondent in retaliation for employees' union activities; reducing the work hours of employee Joselyn Chuquillanqui in retaliation for her union activities; issuing a final written warning to employee Chuquillanqui in retaliation for her union activities; and discharging employee Chuquillanqui in retaliation for her union activities and to discourage other employees from exercising their right under the Act.

(b)    In light of the numerous violations of the Act for which there is reasonable cause to believe that Respondent has committed, Respondent is currently and actively depriving employees of their rights guaranteed in Section 7 of the Act, such that injunctive relief is necessary. In support of this request for relief, Petitioner will show as follows:

(i)    At all material times, Respondent, a Washington limited liability company with a facility located at 6 Great Neck Road, Great Neck, New York (the Great Neck Store) has been engaged in the retail sale of food and beverages throughout the United States.

(ii)    During the past twelve-month period, which period is representative of its operations in general, in conducting its business operations described above in subparagraph 5(a), Respondent derived gross revenues in excess of $500,000 and purchased and received at its Great Neck Store goods valued in excess of $5,000 directly from enterprises located outside the State of New York.

(iii)    At all material times, Respondent has been an employment engaged in commerce within the meaning of Sections 2(2), (6), and (7) of the Act.

(iv)    At all times material times, including the period from February 1 through July 31, 2022, the following individuals held the positions set forth opposite their names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

Alexis Vertucci    -    Regional Director of Operations

Mario Leon    -    District Manager

Beth Daniells    -    Store Manager

(v)    On or about February 11, Respondent, by Leon, in the back room at the Great Neck Store:

(1)    threatened employees with the loss of opportunities for promotion if employees chose to be represented by the Union;

(2)    threatened employees with stricter enforcement of Respondent's time and attendance policies if employees chose to be represented by the Union;

(3)    threatened to reduce employees' wages by threatening employees with the loss of opportunities to work in Respondent's other facilities beyond the Great Neck Store if employees chose to be represented by the Union;

(4)    threatened employees with the loss of benefits, including tuition reimbursement and health insurance, if employees chose to be represented by the Union;

(5)    threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers and supervisors if employees chose to be represented by the Union;

(6)    threatened employees that the Union would require employees to participate in strikes if employees chose to be represented by the Union;

(7)    by telling employees that they would not be able to remove the Union as their collective bargaining representative if employees chose to be represented by the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative;

8

(8)     solicited grievances from employees and promised to remedy those grievances if employees refrained from selecting the Union as their collective-bargaining representative.

(vi)   On or about February 11, Respondent began enforcing a previously unenforced "Perks for Partners" policy regarding "Free Food Item and Beverages While Working," resulting in a reduction in benefits to employees.

(1)     Respondent engaged in the conduct described above in subparagraph (vi) because its employees joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(vii)   On or about February 17, Respondent, by Vertucci, in the back room at the Great Neck Store, by soliciting employee complaints and grievances, promised employees increased benefits and improved terms and conditions of employment if employees refrained from selecting the Union as their collective-bargaining representative.

(viii)  Since on or about February 17, Respondent has maintained and enforced a rule prohibiting employees from posting materials or messages in the back room of the Great Neck Store.

(1)     Respondent maintained and enforced the rule described above in subparagraph (viii) to discourage its employees from assisting the Union or engaging in other concerted activities.

(2)     Since on or about February 17, Respondent, by Daniells, has enforced the rule described above in subparagraph (viii) discriminatorily by prohibiting pro-Union solicitations and distributions, while permitting non-union solicitations and distributions.

(ix)   In about late February, a precise date presently unknown,

9

Respondent, by Daniells, at the Great Neck Store, interrogated employees about their union activities and the union activities of their co-workers related to posting of materials in support of the Union.

        (x)     Since on or about March 1, Respondent has prohibited employees from exchanging work shifts with one another without prior approval by Respondent, in contravention of its past practice.

        (1)     Respondent engaged in the conduct described above in subparagraph x because its employees engaged in activities in support of the Union.

        (xi)   On or about March 25, Respondent, by Leon, in the back room at the Great Neck Store:

        (1)     interrogated employees about their union activities and sympathies and the union sympathies of other employees;

        (2)     threatened employees with increased workloads by stating that employees from Respondent's other facilities would be prohibited from working at the Great Neck Store if Great Neck Store employees chose to be represented by the Union;

        (3)     threatened employees with the loss of benefits, including tuition reimbursement, if employees chose to be represented by the Union;

        (4)     threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers and supervisors if employees chose to be represented by the Union;

        (5)     by telling employees that they would have no choice but to have Union dues deducted directly from their paychecks, threatened employees with reduced wages if employees chose to be represented by the Union;

(6)      by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative.

(xii)    On or about April 7, Respondent, by Leon, in the back room at the Great Neck Store:

(1)      threatened employees with the loss of benefits if employees chose to be represented by the Union;

(2)      by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative.

(xiii)    At all material times, Respondent, has maintained the following rule: "Personal video recording, audio recording or photographing of other partners or customers in the store without their consent is not allowed except as protected under federal labor laws."

(1)      Respondent maintained and enforced the rule described above in subparagraph (xiii) to discourage its employees from assisting the Union or engaging in other concerted activities.

(2)      Since on or about April 8, Respondent, by Leon and Daniells, has enforced the rule described above in subparagraph (xiii) discriminatorily by threatening to discipline employees who engage in union activities that violate this rule.

(xiv)    On or about April 8, Respondent, by Leon, in the back room at the Great Neck Store, interrogated employees about their union activities and sympathies and the union activities and sympathies of other employees.

(xv)     On or about April 8, Respondent, by Daniells, in the back room at

the Great Neck Store, created the impression among employees that their union activities were under surveillance by Respondent.

(xvi)  On a date between February 10 and May 3, a precise date presently unknown, Respondent, by Daniells, via text message, threatened employees with loss of employment if they selected the Union as their bargaining representative.

(xvii)  On or about May 4, Respondent, by Leon and Daniells, in the back room at the Great Neck Store, promised its employees increased wages and improved terms and conditions of employment if the employees rejected the union as their bargaining representative.

(xviii)  On or about May 4, Respondent, by Leon, in the back room at the Great Neck Store:

(1)  threatened employees with unspecified reprisals if they continued to engage in union activities; and

(2)  directed employees to refrain from engaging in union activities.

(xix)  (1)  From on or about February 14, through on or about May 8, 2022, Respondent reduced the work hours of its employee Joselyn Chuquillanqui.

(2)  On about June 27, Respondent issued a final written warning to employee Chuquillanqui.

(3)  On about July 27, Respondent discharged employee Chuquillanqui.

(4)  Respondent engaged in the conduct described above in subparagraphs (xxi)(1) through (3) because Chuquillanqui joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

(xx)  By the conduct described above in paragraphs (v), (vii), and (ix)

through (xviii), Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

(xxi)    By the conduct described above in paragraphs (vi), (viii) and (xix), Respondent has been discriminating in regard to the tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

(xxii)   The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

(xxiii)  The following employees of Respondent (Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(a) of the Act:

> Included:  All full-time and regular part-time Baristas and Shift Supervisors employed by Respondent at its facility located at 6 Great Neck Road, Great Neck, New York.
> Excluded:  All store managers, office clerical, confidential employees, managerial employees, guards, professional employees and supervisors as defined by the Act, and all other employees.

(xxiv)  (1)    On February 10, the Union filed a petition for representation election among Unit employees in Case No. 29-RC-290364.

(2)    A mail ballot election was conducted in Case No. 29-RC-290364, pursuant to a stipulated election agreement between Respondent and the Union, approved by the Regional Director for Region 29 of the Board.

(3)    By a Tally of Ballots issued on May 3, the Union did not receive a majority of the valid votes cast by Unit employees in the election in Case 29-RC-290364.

(4)    On or about February 10, a majority the Unit described above in paragraph (xxiii) had designated the Union as their exclusive collective-bargaining

13

representative.

## VI.

The serious and substantial unfair labor practices described above in Section V of this Petition are such that there is only a slight possibility that the Board's traditional remedies could erase their effects to a degree that would allow the Board to conduct a fair re-run election in Case 29-RC-290364. Therefore, on balance, the employees' sentiments regarding representation, having been expressed through authorization cards, would be better protected by the issuance of a bargaining order.

## VII.

The allegations described above in Section VI requesting the issuance of a bargaining order are supported by additional facts, including:

(a)     District Manager Mario Leon and Regional Director of Operations Alexis Verucci are high-ranking supervisors of Respondent responsible for the discriminatory conduct described above in Section V, subparagraph (xix)(3));

(b)     Respondent intended for its conduct, including the terminations, disciplines, changes in terms and conditions of employment, threats, prohibitions, statements of futility, and promises of benefits described above in Section V, paragraphs (v) through (xix) to intimidate, discourage, and dissuade Unit employees from supporting the Union.

(c)     Respondent has not retracted its conduct described above in Section V, paragraphs (v) through (xix).

(d)     there are approximately 14 employees in the Unit described above in Section V, paragraph (xxiii);

(e)     a majority of Unit employees learned or were likely to have learned of

Respondent's unlawful conduct described above in Section V, paragraphs (v) through (xix), inclusive;

      (f)      employee Chuquillanqui, described above in Section V, paragraph (xix), was the leading organizer for the Union among Unit employees; and

      (g)      Respondent's unlawful conduct described above in Section V, paragraphs (v) through (xix) followed immediately on the heels of the Respondent's knowledge of the Union's organizing campaign.

<center>IX.</center>

Upon information and belief, unless the aforesaid flagrant unfair labor practices are immediately enjoined, Respondent's serious flouting of the Act will continue unchecked, with the result that enforcement of important provisions of the Act and of public policy will be thwarted before Respondent can be placed under legal restraint through the regular procedures of the Board. Unless the injunctive relief is granted, it may be fairly anticipated that Respondent will continue its unlawful conduct during the proceedings before the Board by continuing to unlawfully interfere with, restrain and/or coerce employees in the exercise of their rights under Section 7 of the Act to engage in protected concerted activities with coworkers to improve their terms and conditions of employment, to form, join or assist labor organizations, to bargain collectively through representatives of their own choosing, or to refrain from any and all such activities. Consequently, Respondent's employees will inevitably conclude that the Board cannot effectively protect their statutory rights, thus gravely undermining the Board's remedial power. It may be further fairly anticipated that, by the time a Board Order can be obtained against Respondent, it will not be possible to restore the status quo that existed before Respondent's unfair labor practices.

X.

Upon information and belief, to avoid the serious consequences set forth above in Section IX, it is just, proper and appropriate for purposes of effectuating the policies of the Act, to avoid substantial irreparable and immediate harm to the national policy protecting workers' right to band together, and to avoid irreparable harm to the rights of Respondent's employees and to the public interest, in accordance with the purposes of Section 10(j) of the Act, that Respondent be enjoined and restrained pending final disposition of the matters herein before the Board, as herein prayed.

XI.

**WHEREFORE,** Petitioner prays:

That the Court issue an Order directing Respondent to appear before this Court, at a time and place fixed by the Court, and to show case, if any, why a temporary injunction should not issue enjoining and restraining Respondent, their officers, agents, representatives, employees, attorneys, successors, and assigns, and all persons acting in concert or participation with them, pending the final disposition of the matters Board, as follows:

1.    Cease and Desist from:

   a)    Discharging employees because they have engaged in union activities;

   b)    Disciplining employees because they have engaged in union activities;

   c)    Threatening employees with the loss of opportunities for promotion if they select the Union as their bargaining representative;

   d)    Threatening employees with stricter enforcement of Respondent's time and attendance rules if they select the Union as their bargaining representative;

   e)    Threatening employees with loss of benefits, including the ability to work shifts at non-union stores if they select the Union as their bargaining representative;

f)     Threatening employees with loss of benefits, including health insurance, tuition reimbursement and music streaming benefits if they select the Union as their bargaining representative;

g)     Threatening employees with increased workloads by threatening that Respondent would prevent employees at non-union stores from working at the Great Neck Store if employees select the Union as their bargaining representative;

h)     Threatening employees that they would be required to participate in mandatory strikes if they select the Union as their bargaining representative;

i)     Threatening employees that they will be unable to improve their wages or working conditions by selecting the Union as their bargaining representative;

j)     Threatening employees that they will forfeit their rights under the Act if they select the Union as their bargaining representative;

k)     Threatening employees that they would be prohibited from addressing workplace issues with managers if they select the Union as their bargaining representative;

l)     Threatening to improperly reduce or withhold wages from employees if they select the Union as their bargaining representative;

m)     Soliciting grievances from employees and promising to remedy those grievances if employees reject Union representation;

n)     Promising to improve employees' wages and working conditions if they reject Union representation;

o)     Enforcing rules requiring employees to obtain management authorization in order to exchange assigned shifts in retaliation for employees' union activities;

p)     Selectively and discriminatorily enforcing rules prohibiting employees from posting messages in the back room of the Great Neck Store and from recording conversations in the workplace in order discourage union activities;

q)     Interrogating employees about their union activities sympathies or support;

r)     Creating the impression that employees' union activities are under surveillance by Respondent;

s)     Prohibiting employees from making statements in support of the Union;

t)  Enforcing in a discriminatory manner the previously unenforced "Perks for Partners" policy regarding "Free Food Item and Beverages While Working";

u)  At the Great Neck store, cease and desist from in any other manner unlawfully interfering with, restraining, or coercing employees in the exercise of the rights guaranteed them under Section 7 of the Act; and

v)  At any of Respondent's stores in the United States and its territories, cease and desist from discharging employees for supporting the Union or any other labor organization.

2.  Take the following Affirmative Actions:

a)  Within five (5) days of the District Court's Order, offer, in writing, interim reinstatement to employee Joselyn Chuquillanqui to her former position of employment, or if that position no longer exists, to a substantially equivalent position, displacing, if necessary, any employees wo may have been hired or reassigned to replace her, without prejudice to her seniority or any other rights or privileges she previously enjoyed, including schedule flexibilities.

b)  Immediately rescind the Final Written Warning issued to employee Joselyn Chuquillanqui on or about June 27, 2022, and do not rely on it in assessing any future disciplinary actions; remove from her employment records, on an interim basis, all references to said Final Written Warning, and notify employee Chuquillanqui, in writing, that the discipline has been rescinded on an interim basis and will not be used against her in any way.

c)  Immediately recognize and, upon request, bargain in good faith with the Union as the exclusive collective-bargaining representative of the following bargaining unit of employees:

    Included: All full-time and regular part-time Baristas and Shift Supervisors employed by Respondent at its facility located at 6 Great Neck Road, Great Neck, New York.

    Excluded: All store managers, office clerical, confidential employees, managerial employees, guards, professional employees and supervisors as defined by the Act, and all other employees.

d)  Post physical copies of the District Court's Order at all of Respondent's stores in the United States and its territories, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 29, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, on the bulletin board, in all breakrooms, and in all other places where Respondent typically posts notices to its employees at each of its stores; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and

defacements; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its worksite to monitor compliance with this posting requirement;  Grant to agents of the Board reasonable access to the Great Neck Store to monitor compliance with this posting requirement.

e)   Distribute electronic copies of the District Court's Order, as well as translations in other languages as necessary to ensure effective communication to Respondent's employees as determined by the Board's Regional Director of Region 29, said translations to be provided by Respondent at Respondent's expense and approved by the Regional Director, to all employees employed by Respondent in the United States and its Territories via email, the Partner Hub, and all other intranet or internet sites or apps that Respondent uses to communicate with employees.

f)   Convene one or more mandatory meetings, on working time and at times when Respondent customarily holds employee meetings and scheduled to ensure the widest possible attendance, at Respondent's Great Neck, New York store, during which the District Court's Order will be read to the bargaining unit employees by District Manager Mario Leon or a responsible Employer official in the presence of a Board agent, or at Respondent's option, by a Board agent in the presence of District Manager Leon. Respondent shall also afford the Union, through the Regional Director, reasonable notice and opportunity to have a representative present when the Order is read to employees. Interpreters shall be made available for any individual whose language of fluency is other than English at Respondent's expense. Respondent shall announce the meeting(s) for the Order reading in the same manner it would customarily announce a meeting to employees; the meeting(s) shall be for the above-stated purpose only. Individuals unable to attend the meeting to which they have been assigned will be able to attend a subsequent meeting during which the same reading shall take place under the same conditions. Respondent shall allow all employees to attend these meetings without penalty or adverse employment consequences, either financial or otherwise.

g)   Distribute electronic copies of a high-level Employer official (in the presence of a Board agent) or a Board agent (in the presence of a high-level Employer official) reading the District Court's Order, on its Partner Hub and all other intranet or internet sites or apps that Respondent uses to communicate with employees, such that the video can be accessed by employees at all of its stores in the United States and its Territories.

h)   Within twenty-one (21) days of the issuance of the District Court's Order, file with the District Court and submit a copy to the Regional Director of Region 29 of the Board, a sworn affidavit from a responsible official of Respondent setting forth, with specificity, the manner in which Respondent has complied with the terms of the District Court's Order, including how it has posted the documents required by the Court's decree.

Dated on November 30, 2022.

_____

Teresa Poor
Regional Director, Region 29
National Labor Relations Board
Two MetroTech Center, Suite 5100
Brooklyn, New York 11201

# Exhibit A

FORM NLRB-502 (RC)
(2-18)

**UNITED STATES OF AMERICA**
**NATIONAL LABOR RELATIONS BOARD**
**RC PETITION**

DO NOT WRITE IN THIS SPACE

| Case No. | Date Filed |
|---|---|
| 29-RC-290364 | 2/10/2022 |

**INSTRUCTIONS:** Unless e-Filed using the Agency's website, www.nlrb.gov/, submit an original of this Petition to an NLRB office in the Region in which the employer concerned is located. The petition must be accompanied by both a showing of interest (see 6b below) and a certificate of service showing service on the employer and all other parties named in the petition of: (1) the petition; (2) Statement of Position form (Form NLRB-505); and (3) Description of Representation Case Procedures (Form NLRB 4812). The showing of interest should only be filed with the NLRB and should not be served on the employer or any other party.

1. **PURPOSE OF THIS PETITION: RC-CERTIFICATION OF REPRESENTATIVE** - A substantial number of employees wish to be represented for purposes of collective bargaining by Petitioner and Petitioner desires to be certified as representative of the employees. **The Petitioner alleges that the following circumstances exist and requests that the National Labor Relations Board proceed under its proper authority pursuant to Section 9 of the National Labor Relations Act.**

| 2a. Name of Employer: Starbucks Corporation | 2b. Address(es) of Establishment(s) involved (Street and number, City, State, ZIP code): 6 Great Neck Road, Great Neck, NY 11021 |
|---|---|

| 3a. Employer Representative - Name and Title: Kevin Johnson, President and CEO (see attached for Mario Leon) | 3b. Address (if same as 2b - state same): 2401 Utah Avenue South, Suite 80 Seattle, WA 98134 |
|---|---|

| 3c. Tel. No. 206-318-2212 | 3d. Cell No. | 3e. Fax No. | 3f. E-Mail Address kevin.johnson@starbucks.com |
|---|---|---|---|

| 4a. Type of Establishment (Factory, mine, wholesaler, etc.) Coffee shop | 4b. Principal Product or Service Food and beverage | 5a. City and State where unit is located: Great Neck, New York |
|---|---|---|

**5b. Description of Unit Involved:**

Included: All full-time and regular part-time baristas, shift supervisors, and assist. store managers

Excluded: Store managers, office clericals, guards, and supervisors as defined by the Act

| 6a. Number of Employees in Unit: 14 |
|---|
| 6b. Do a substantial number (30% or more) of the employees in the unit wish to be represented by the Petitioner? [x] Yes [ ] No |

Check One: [ ] 7a. Request for recognition as Bargaining Representative was made on (Date) _____ and Employer declined recognition on or about (Date) _____ (If no reply received, so state).
[ ] 7b. Petitioner is currently recognized as Bargaining Representative and desires certification under the Act.

| 8a. Name of Recognized or Certified Bargaining Agent (If none, so state) None | 8b. Address: |
|---|---|

| 8c. Tel. No. | 8d. Cell No. | 8e. Fax No. | 8f. E-Mail Address |
|---|---|---|---|

| 8g. Affiliation, if any: | 8h. Date of Recognition or Certification | 8i. Expiration Date of Current or Most Recent Contract, if any (Month, Day, Year) |
|---|---|---|

9. Is there now a strike or picketing at the Employer's establishment(s) involved? **No**    If so, approximately how many employees are participating? _____

(Name of Labor Organization) _____, has picketed the Employer since (Month, Day, Year) _____

10. Organizations or individuals other than Petitioner and those named in items 8 and 9, which have claimed recognition as representatives and other organizations and individuals known to have a representative interest in any employees in the unit described in item 5b above. (If none, so state)

None

| 10a. Name | 10b. Address | 10c. Tel. No. | 10d. Cell No. |
|---|---|---|---|
| | | 10e. Fax No. | 10f. E-Mail Address |

| 11. Election Details: If the NLRB conducts and election in this matter, state your position with respect to any such election: | 11a. Election Type: [ ] Manual [x] Mail [ ] Mixed Manual/Mail |
|---|---|

| 11b. Election Date(s): 3/3/2022 | 11c. Election Time(s): N/A | 11d. Election Location(s): N/A |
|---|---|---|

| 12a. Full Name of Petitioner (including local name and number): New York-New Jersey Regional Joint Board | 12b. Address (street and number, city, State and ZIP code): 305 Seventh Avenue, 7th Floor New York, NY 10001 |
|---|---|

12c. Full name of national or international labor organization of which Petitioner is an affiliate or constituent (if none, so state):
Workers United, a/w SEIU

| 12d. Tel. No. 212-475-3131 | 12e. Cell No. | 12f. Fax No. | 12g. E-Mail Address jkelly@workersunitednynj.org |
|---|---|---|---|

**13. Representative of the Petitioner who will accept service of all papers for purposes of the representation proceeding.**

| 13a. Name and Title: Cristina Gallo, Attorney | 13b. Address (street and number, city, State and ZIP code): Cohen, Weiss and Simon LLP, 900 Third Avenue, Suite 2100, NY, NY 10022 |
|---|---|

| 13c. Tel. No. 212-356-0226 | 13d. Cell No. | 13e. Fax No. | 13f. E-Mail Address cgallo@cwsny.com |
|---|---|---|---|

I declare that I have read the above petition and that the statements are true to the best of my knowledge and belief.

| Name (Print) Cristina E. Gallo | Signature | Title Attorney | Date 02/09/22 |
|---|---|---|---|

**WILLFUL FALSE STATEMENTS ON THIS PETITION CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 et seq. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing representation and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

**Attachment to RC Petition**

**Section 3 -- Employer Representative**

Mario Leon
District Manager
mleon@starbucks.com

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**

| | |
|---|---|
| **Starbucks Corporation**<br><br>                    **Employer**<br><br>         **and**<br><br>**New York-New Jersey Regional Joint Board, Workers United, affiliated with SEIU**<br><br>                    **Petitioner** | **Case 29-RC-290364** |

**AFFIDAVIT OF SERVICE OF: Petition dated** February 10, 2022**, Notice of Representation Hearing dated** February 10, 2022**, Description of Procedures in Certification and Decertification Cases (Form NLRB-4812), Notice of Petition for Election, and Statement of Position Form (Form NLRB-505).**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on February 10, 2022, I served the above documents by electronic mail and regular mail upon the following persons, addressed to them at the following addresses:

Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021


Kevin Johnson, President and CEO
Starbucks Corporation
2401 Utah Avenue South
Suite 80
Seattle, WA 98134
kevin.johnson@starbucks.com


| February 10, 2022 | FREDA DEVONSHIRE, Designated Agent of NLRB |
|---|---|
| Date | Name |

| | /s/ FREDA DEVONSHIRE |
|---|---|
| | Signature |

**Exhibit B**

FORM NLRB-501
(3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case<br>29-CA-292741 | Date Filed<br>03/21/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br><br>Starbucks Corporation | | b. Tel. No.<br>206-318-2212 |
|---|---|---|
| | | c. Cell No. |
| | | f. Fax. No. |
| d. Address *(Street, city, state, and ZIP code)*<br><br>6 Great Neck Road, Great Neck, NY 11021 | e. Employer Representative<br><br>Beth Daniells, Store Manager<br>(see attached for Mario Leon) | g. e-mail<br>BethDaniells@starbucks.com |
| | | h. Number of workers employed<br>14 |
| i. Type of Establishment *(factory, mine, wholesaler, etc.)*<br>Coffee shop | j. Identify principal product or service<br>Food and beverage | |

The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and

(list subsections)    3                                                                        of the National Labor Relations Act, and these unfair labor

practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the

meaning of the Act and the Postal Reorganization Act.

**2. Basis of the Charge** *(set forth a clear and concise statement of the facts constituting the alleged unfair labor practices)*

SEE ATTACHED.

| 3. Full name of party filing charge *(if labor organization, give full name, including local name and number*<br>Workers United | |
|---|---|
| 4a. Address *(Street and number, city, state, and ZIP code)*<br><br>305 Seventh Avenue, 7th Floor<br>New York, NY 10001 | 4b. Tel. No.<br>212-475-3131 |
| | 4c. Cell No. |
| | 4d. Fax. No. |
| | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit *(to be filled in when charge is filed by a labor organization)*
Workers United, a/w SEIU

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements<br>are true to the best of my knowledge and belief. | | Tel. No.<br>212-356-0257 |
|---|---|---|
| /s/Marie B. Hahn | Attorney | Office, if any, Cell No.<br>630-229-2112 |
| *(signature of representative or person making charge)* | *(Print/type name and title or office, if any)* | Fax No. |
| Cohen, Weiss and Simon LLP<br>Address 900 Third Ave. Suite 2100, New York, NY, 10022   Date 03/21/2022 | | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information may cause the NLRB to decline to invoke its processes.

GC Exhibit 1(I)

**Attachment to ULP Charge**

**Section 1(e) -- Employer Representative**

Mario Leon
District Manager
mleon@starbucks.com


**Section 2 -- Basis of the Charge**

1. Beginning on or around February 10, 2022 and through the date of this filing, the Employer, by its agents, officers, and representatives, required some employees to work more hours in retaliation for their support of the union;

2. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened an employee with loss of opportunities for promotion in retaliation for their support of the union;

3. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened an employee with stricter enforcement of attendance rules in retaliation for their support of the union;

4. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened an employee with loss of opportunities to work in other store locations in retaliation for their support of the union;

5. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened an employee with loss of holiday time and other benefits in retaliation for their support of the union;

6. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened an employee with the prospect of mandatory participation in strikes and implied loss of income in retaliation for their support of the union;

7. On or around February 17, 2022, the Employer, by Regional Director of Operations Alexis Vertucci, solicited grievances from an employee and promised to remedy those grievances by offering employee training during work hours;

8. Beginning on or around February 25, 2022 the Employer, by Store Manager Beth Daniells, threatened part time employees with termination for refusal to accept more hours in retaliation for their support of the union;

9. Beginning on or around March 1, 2022, the Employer, by Store Manager Beth Daniells, threatened employees with disciplinary action in retaliation for their support of the union.

1

**UNITED STATES OF AMERICA**

**BEFORE THE NATIONAL LABOR RELATIONS BOARD**

**STARBUCKS CORPORATION**

     Charged Party

     and

**WORKERS UNITED**

     Charging Party

**Case 29-CA-292741**

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on March 24, 2022**,** I served the above-entitled document(s) by email and regular mail upon the following persons, addressed to them at the following addresses:

Beth Daniells, Store Manager
6 Great Neck Road
Great Neck, NY 11021

Mario Leon, District Manager
6 Great Neck Road
Great Neck, NY 11021

Marie B. Hahn, Attorney
Cohen, Weiss & Simon LLP
900 Third Avenue Suite 2100
New York, NY 10022-4869

Julie Kelly
Workers United
305 Seventh Avenue, 7th Floor
New York, NY 10001

March 24, 2022

Samiyah Hassan-Ametov,
Designated Agent of NLRB

Date

Name

/s/ *Samiyah Hassan-Ametov*

Signature

# Exhibit C

RECEIVED
By T. Fred  at 7:53 am, Apr 20, 2022

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**FIRST AMENDED CHARGE AGAINST EMPLOYER**

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| DO NOT WRITE IN THIS SPACE | |
| --- | --- |
| Case | Date Filed |
| 29-CA-292741 | 4/20/2022 |

1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer Starbucks Corporation | | b. Tel. No. 206-318-2212 |
| --- | --- | --- |
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*) 6 Great Neck Road Great Neck, NY 11021 | e. Employer Representative Mario Leon District Manager | f. Fax No. |
| | | g. e-mail mleon@starbucks.com |
| | | h. Number of Workers Employed 14 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*) Coffee shop | j. Identify Principal Product or Service Food and beverage | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

  See Attachment

| 3. Full name of party filing charge (*if labor organization, give full name, including local name and number*) Workers United | | |
| --- | --- | --- |
| 4a. Address (*Street and number, city, state, and ZIP code*) 305 Seventh Avenue, 7th Floor, New York, NY 10001 | | 4b. Tel. No. (212)475-3131 |
| | | 4c. Cell No. |
| | | 4d. Fax No. |
| | | 4e. e-mail jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

  Workers United, a/w Service Employees International Union

| 6.  DECLARATION I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No. 212-356-0257 |
| --- | --- |
| *Marie B Hahn* | Office, if any, Cell No. 630-229-2112 |
| (*signature of representative or person making charge*)    Marie B. Hahn, Attorney (*Print/type name and title or office, if any*) | Fax No. |
| Address:    Cohen, Weiss and Simon LLP    900 Third Ave. Suite 2100    New York, NY, 10022        Date:    4/18/2022 | e-mail mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

GC Exhibit 1(K)

# ATTACHMENT

(Two Pages)

Section 2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

1. Beginning on or around February 10, 2022 and through the date of this filing, the Above-named Employer, by its agents, officers, and representatives, required its employee Justin Wooster to work more hours in retaliation for employees' support of the Union.

2. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened employees with loss of opportunities for promotion in retaliation for their support of the Union.

3. On or around February 11, 2022, two days after the Union served its representation petition on the Employer, the Employer, by District Manager Mario Leon, threatened employees with stricter enforcement of attendance rules in retaliation for their support of the Union.

4. On various dates within the past six months, the Employer, by District Manager Mario Leon, threatened employees with the loss of opportunities to work in the Employer's other store locations in retaliation for their support of the Union.

5. On various dates within the past six months, the Employer, by District Manager Mario Leon, threatened employees with the loss of benefits if they chose the Union as their collective-bargaining representative.

6. On or around February 11, 2022, the Employer, by District Manager Mario Leon, threatened employees with the prospect of mandatory participation in strikes and implied loss of income if they chose the Union as their collective-bargaining representative.

7. On or around February 11, 2022, the Employer, by District Manager Mario Leon, threatened employees that they would not be able to remove the Union if they chose to select the Union as their bargaining representative.

8. On various dates within the past six months, the Employer, by District Manager Mario Leon, threatened employees that they would be prohibited from addressing workplace issues with managers if they selected the Union as their bargaining representative.

9. On or around February 11, 2022, the Employer, by District Manager Mario Leon, solicited grievances from employees and promised to remedy those grievances.

10. On or around February 17, 2022, the Employer, by Regional Director of Operations Alexis Vertucci, solicited grievances from employees and promised to remedy those grievances.

11. Beginning on or around February 25, 2022, the Employer, by Store Manager Beth Daniells, threatened part time employees with termination for refusing to accept more hours in retaliation for employees' support of the Union.

12.     Beginning on or around March 1, 2022, the Employer, by Store Manager Beth Daniells, has been more strictly enforcing workplace rules against employees in retaliation for their support of the Union.

13.     On or around March 5, 2022, the Employer, by Store Manager Beth Daniells, warned employees against engaging in union activity in the workplace.

14.     On or around March 25, 2022, the Employer, by District Manager Mario Leon, interrogated employees about their union sympathies, activities and/or support.

15.     On or around March 25, 2022, the Employer, by District Manager Mario Leon, threatened employees that selecting the Union as their collective-bargaining representative would be futile.

16.     On or around March 25, 2022, the Employer, by District Manager Mario Leon, threatened that the Employer would withhold wages from employees' paychecks if they selected the Union as their collective-bargaining representative.

17.     On or around March 25, 2022, the Employer, by District Manager Mario Leon, threatened to require employees to work more hours if they selected the Union as their collective-bargaining representative.

18.     On various dates within the past six months, the Employer, by District Manager Mario Leon and Regional Director of Operations Alexis Vertucci, required employees to attend mandatory meetings with managers during which the managers discouraged employees from exercising their right to select the Union as their bargaining representative.

**UNITED STATES OF AMERICA**

**BEFORE THE NATIONAL LABOR RELATIONS BOARD**

| | |
|---|---|
| **STARBUCKS CORPORATION**<br><br>        Charged Party<br><br>    and<br><br>**WORKERS UNITED**<br><br>        Charging Party | **Case 29-CA-292741** |

**AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on April 25, 2022**,** I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

Marie A. Duarte, Esq.
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747-4834

Alan I Model, Esq.
Littler Mendelson PC
290 Broadhollow Road
Suite 305
Melville, NY 11747

David S. Ostern, Esq.
Littler Mendelson, P.C.
One Newark Center
1085 Raymond Boulevard, 8th Floor
Newark, NJ 07102

April 25, 2022

_____
Date

FREDA DEVONSHIRE, Designated
Agent of NLRB
_____
Name

/S/ FREDA DEVONSHIRE
_____
Signature

# Exhibit D

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| | Case | Date Filed |
| | 29-CA-294928 | 4/28/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

## 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Starbucks Corporation | | b. Tel. No.<br>206-318-2212 |
|---|---|---|
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*)<br>6 Great Neck Road<br>Great Neck, NY 11021 | e. Employer Representative<br>Mario Leon<br>District Manager | f. Fax No. |
| | | g. e-mail<br>mleon@starbucks.com |
| | | h. Number of Workers Employed<br>14 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Coffee shop | j. Identify Principal Product or Service<br>Food and beverage | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

See Attachment

| 3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)<br>Workers United | | |
|---|---|---|
| 4a. Address (*Street and number, city, state, and ZIP code*)<br>305 Seventh Avenue, 7th Floor, New York, NY 10001 | | 4b. Tel. No.<br>(212) 475-3131 |
| | | 4c. Cell No. |
| | | 4d. Fax No. |
| | | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

Workers United, a/w Service Employees International Union

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>212-356-0257 |
|---|---|---|
| *Marie B Hahn*<br>(*signature of representative or person making charge*) | Marie B. Hahn, Attorney<br>(*Print/type name and title or office, if any*) | Office, if any, Cell No.<br>630-229-2112 |
| | | Fax No. |
| Address:    Cohen, Weiss and Simon LLP<br>900 Third Ave. Suite 2100<br>New York, NY, 10022 | Date:    4/28/2022 | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

GC Exhibit 1(M)

# ATTACHMENT

Section 2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

1.      Beginning on or around April 8, 2022, the Employer, by District Manager Mario Leon, threatened employees with the loss of benefits if they chose the Union as their collective-bargaining representative.

2.      Beginning on or around April 8, 2022, the Employer, by District Manager Mario Leon, threatened employees with discipline in retaliation for union activity.

3.      Beginning on or around April 8, 2022, the Employer, by Store Manager Beth Daniells, threatened to enforce workplace rules more strictly against employees in retaliation for their support of the Union.

4.      Beginning on or around April 8, 2022, the Employer, by Store Manager Beth Daniells, threatened enforcement of an unlawful workplace rule prohibiting audio recording in the workplace.

# UNITED STATES OF AMERICA

# BEFORE THE NATIONAL LABOR RELATIONS BOARD

**STARBUCKS CORPORATION**

      Charged Party

      and

**WORKERS UNITED**

      Charging Party

**Case 29-CA-294928**

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on April 29, 2022**,** I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon, District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

| | |
|---|---|
| April 29, 2022 | Linette Gayle, Designated Agent of NLRB |
| Date | Name |
| | *Linette Gayle* |
| | Signature |

**Exhibit E**

**RECEIVED**
**By T. Fred  at 2:26 pm, Jun 01, 2022**

FORM NLRB - 501 (3-21)

FIRST

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**AMENDED CHARGE AGAINST EMPLOYER**

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 29-CA-294928 | 6/1/2022 |

| 1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT |
|---|

| a. Name of Employer<br>Starbucks Corporation | | b. Tel. No.<br>206-318-2212 |
|---|---|---|
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*)<br>6 Great Neck Road<br>Great Neck, NY 11021 | e. Employer Representative<br>Mario Leon<br>District Manager | f. Fax No. |
| | | g. e-mail<br>mleon@starbucks.com |
| | | h. Number of Workers Employed<br><br>14 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Coffee shop | j. Identify Principal Product or Service<br><br>Food and beverage | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

   See Attachment

3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)
Workers United

| 4a. Address (*Street and number, city, state, and ZIP code*)<br>305 Seventh Avenue, 7th Floor, New York, NY 10001 | 4b. Tel. No.<br>(212) 475-3131 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

Workers United, a/w Service Employees International Union

| 6.  DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>212-356-0257 |
|---|---|---|
| *Marie B Hahn* | Marie B. Hahn, Attorney | Office, if any, Cell No.<br>630-229-2112 |
| (*signature of representative or person making charge*) | (*Print/type name and title or office, if any*) | Fax No. |
| Address:   Cohen, Weiss and Simon LLP<br>900 Third Ave. Suite 2100<br>New York, NY, 10022 | Date:   6/1/2022 | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

9818959.1

GC Exhibit 1(Q)

# **ATTACHMENT**

Section 2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

1.  Since around February 17, 2022, the Employer has been prohibiting employees from posting union-related messages or bulletins at the Great Neck Road Store.

2.  On or around April 7, 2022, the Employer, by District Manager Mario Leon, threatened employees with the loss of benefits if they chose the Union as their collective-bargaining representative.

3.  On or around April 7, 2022, the Employer, by District Manager Mario Leon, threatened employees with reduced wages if they chose the Union as their collective-bargaining representative.

4.  On or around April 7, 2022, the Employer, by District Manager Mario Leon, threatened employees that it would be futile for them to select the Union as their collective-bargaining representative.

5.  On or around April 8, 2022, the Employer, by District Manager Mario Leon, threatened employees with discipline in retaliation for their union activity.

6.  On or around April 8, 2022, the Employer, by Store Manager Beth Daniells and District Manager Mario Leon, threatened to enforce policies prohibiting recording in the workplace against employees because they engaged in union activities.

7.  On or around April 8, 2022, the Employer, by Store Manager Beth Daniells, gave employees the impression that their union activities were under surveillance by the Employer.

8.  On or around April 8, 2022, the Employer, by District Manager Mario Leon, interrogated employees about their union activities.

9.  On or around April 21, 2022, the Employer issued a disciplinary warning to employee Joselyn Chuquillanqui in retaliation for her union activities.

10. On or around May 4, 2022, the Employer, by Store Manager Beth Daniells and District Manager Mario Leon, promised to improve employees' wages and benefits if they rejected the Union as their bargaining representative.

11. On or around May 4, 2022, the Employer, by District Manager Mario Leon, threatened employees with involuntary transfer to another store in retaliation for their union activity.

**UNITED STATES OF AMERICA**

**BEFORE THE NATIONAL LABOR RELATIONS BOARD**

---

**STARBUCKS CORPORATION**

      Charged Party

  and

**WORKERS UNITED**

      Charging Party

**Case 29-CA-294928**

---

**AFFIDAVIT OF SERVICE OF FIRST AMENDED CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on June 1, 2022**,** I served the above-entitled document(s) by regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon, District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

Alan I. Model, Esq.
Littler Mendelson, P.C.
One Newark Center
8th Floor
Newark, NJ 07102-5235

June 1, 2022

|  |  |
|---|---|
| _____ | FREDA DEVONSHIRE, Designated Agent of NLRB |
| Date | Name |
|  | /S/ FREDA DEVONSHIRE |
|  | Signature |

# Exhibit F

FORM NLRB-760
(7-70)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD

| | | | |
|---|---|---|---|
| STARBUCKS CORPORATION | | Date Filed | 2/10/2022 |
| Employer | Case No. 29-RC-290364 | | |
| and | Date Issued | | |
| WORKERS UNITED | City Brooklyn | State | NY |
| Petitioner | | | |

Type of Election:
(Check one:)

(if applicable chec either or both:)

[X] Stipulation          □ 8(b) (7)
□ Board Direction        [X] Mail Ballot
□ Consent Agreement
□ RD Direction Incumbent Union (Code)

## TALLY OF BALLOTS

The undersigned agent of the Regional Director certifies that the results of tabulation of ballots case in the election held in the above case, and concluded on the date indicated above, were as follows:

1. Approximate number of eligible voters ............................................ **15**
2. Number of Void ballots ............................................ **0**
3. Number of Votes cast for   WORKERS UNITED ............................................ **5**
4. Number of Votes cast for ............................................
5. Number of Votes cast for ............................................
6. Number of Votes cast against participating labor organization(s) ............................................ **6**
7. Number of Valid votes counted (sum 3, 4, 5, and 6) ............................................ **11**
8. Number of challenged ballots ............................................ **1**
9. Number of Valid votes counted plus challenged ballots (sum of 7 and 8) ............................................ **12**
10. Challenges are (not) sufficient in number to affect the results of the election.
11. A majority of the valid votes counted plus challenged ballots (Item 9) has (not) been cast for **Workers United**

For the Regional Director   *Kareema Alston* 5/3/22

The undersigned acted as authorized observers in the counting and tabulating of ballots indicated above. We hereby certify that the counting and tabulating were fairly and accurately done, that the secrecy of the ballots was maintained, and that the results were as indicated above. We also acknowledge service of this tally.

For Employer   *[signature]*   5/3/22

For Petitioner   *[signature]*   5/3/22

For

GC Exhibit 1(O)

# Exhibit G

COHEN
WEISS
AND
SIMON
LLP

**Kate M. Swearengen, Partner**
Tel:  212.356.0272
Fax:  646.473.8272
Cell:  917.239.7159
kswearengen@cwsny.com
www.cwsny.com

900 Third Avenue • New York, NY 10022-4869

May 10, 2022

Via NLRB Case Filing System
Nancy Reibstein, Acting Regional Director
National Labor Relations Board, Region 29
100 Myrtle Avenue, Suite 5100
Brooklyn, New York 11201

Re:    Starbucks Corporation (Great Neck), Case No. 29-RC-290364

Dear Acting Regional Director Reibstein:

I write on behalf of the petitioner, New York-New Jersey Regional Joint Board, Workers United, affiliated with SEIU (the "Union") and pursuant to Section 102.69(a) of the Board's Rules and Regulations, to file the following objections to the election in the above-cited matter and to request that the election results be set aside and the election be re-run. The below-referenced objections include several occurrences which are already the subject of ULPs filed with the Region, specifically cases 29-CA-294928 and 29-CA-292741.

Objection No. 1:  Abandoning Previous Scheduling Practices in Retaliation for Employees' Support for the Union.  Following the filing of the Petition on February 10, 2022, the Employer abandoned its previous scheduling practices concerning employees' hours of work and ability to swap shifts in retaliation for employees' support of the Union.

Objection No. 2:  Soliciting and Promising to Remedy Employee Grievances.  On February 11 and February 17, 2022, the Employer solicited grievances from employees and promised to remedy those grievances in order to dissuade employees from supporting the Union.

Objection No. 3:  Threatening to Strictly Enforce Time and Attendance and Other Policies if Employees Voted for the Union.  Following the filing of the Petition on February 10, 2022, the Employer threatened employees with stricter enforcement of workplace rules including time and attendance and other policies.

Objection No. 4:  Captive Audience Meetings.  Following the filing of the Petition on February 10, 2022, the Employer required employees to attend mandatory meetings with managers during which managers discouraged employees from exercising their right to select the Union as their bargaining representative, including by threatening reprisals.

GC Exhibit 1(P)

9813633.4



Nancy Reibstein, Acting Regional Director
May 10, 2022
Page 2

Objection No. 5:  Threatening Reprisals for Challenging Unlawful Employer Conduct.  On March 25, 2022, the Employer threatened an employee with reprisals based on the Employer's belief that the employee had provided information about the Employer's unfair labor practices to the National Labor Relations Board and to the press.

Objection No. 6:  Threatening Employees with Loss of Benefits if Employees Voted for the Union and that Unionization Would Be Futile.  On various dates following the filing of the Petition on February 10, 2022, the Employer communicated to employees that unionization would be futile and told employees that if employees selected the Union as their collective bargaining representative, they would lose opportunities for promotion, opportunities to work in the Employer's other store locations, health and life insurance benefits, and Employer-provided college tuition assistance.  In addition, on various dates following the filing of the Petition on February 10, 2022, the Employer threatened employees that, if they selected the Union as their collective bargaining representative, they would lose income and would have to bargain all benefits from a clean slate.  The Employer also told employees that they would be prohibited from addressing workplace issues with managers if they selected the Union as their bargaining representative.

Objection No. 7:  Surveilling or Creating the Impression of Surveilling Employee's Union Activities.  On February 11 and March 22, 2022, the Employer told employees that it knew they supported the Union.  In addition, approximately one week following the filing of the Petition on February 10, 2022, the Employer told an employee that it knew they were leading the employees who supported the Union.

Objection No. 8: Misrepresenting the Consequences of Unionization.  On various dates following the filing of the Petition on February 10, 2022, the Employer threatened employees that if they voted in the Union, they would not be able to remove the Union and that they would be required to participate in strikes.

Objection No. 9: Maintaining and Threatening Discriminatory Enforcement of Unlawful Work Rule.  On or around April 8, 2022, the Employer threatened to enforce rules prohibiting audio recording in the workplace more strictly against employees in retaliation for their support of the Union.  On May 4, 2022, Region 28 issued a Complaint concerning, *inter alia*, the unlawful work rule concerning audio recordings.

Objection No. 10: Threatening Employees with Unspecified Reprisals for Union Activity.  On March 5, 2022, the Employer threatened employees with unspecified reprisals for engaging in union activities.


# Exhibit H

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| | Case | Date Filed |
| | 29-CA-298919 | 7/7/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | |
|---|---|

| a. Name of Employer<br>Starbucks Corporation | b. Tel. No.<br>206-318-2212 |
|---|---|
| | c. Cell No. |

| d. Address (*Street, city, state, and ZIP code*)<br>6 Great Neck Road<br>Great Neck, NY 11021 | e. Employer Representative<br>Mario Leon<br>District Manager | f. Fax No. |
|---|---|---|
| | | g. e-mail<br>mleon@starbucks.com |
| | | h. Number of Workers Employed<br>14 |

| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Coffee shop | j. Identify Principal Product or Service<br>Food and beverage |
|---|---|

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

Beginning on or around May 25, 2022, the Employer, by Store Manager Beth Daniells, issued disciplinary warnings to employee Joselyn Chuquillanqui in retaliation for her union activities.

| 3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)<br>Workers United | |
|---|---|
| 4a. Address (*Street and number, city, state, and ZIP code*)<br>305 Seventh Avenue, 7th Floor, New York, NY 10001 | 4b. Tel. No.<br>(212) 475-3131 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

Workers United, a/w Service Employees International Union

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No.<br>212-356-0257 |
|---|---|
| *Marie B Hahn* | Office, if any, Cell No.<br>630-229-2112 |
| (*signature of representative or person making charge*)    Marie B. Hahn, Attorney<br>(*Print/type name and title or office, if any*) | Fax No. |
| Address:   Cohen, Weiss and Simon LLP<br>900 Third Ave. Suite 2100<br>New York, NY, 10022    Date:   7/7/2022 | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
PRIVACY ACT STATEMENT

Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq*. The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully

9830759.1

GC Exhibit 1(S)

set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

## UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **STARBUCKS CORPORATION**<br><br>      Charged Party<br><br>                    and<br><br>**WORKERS UNITED**<br><br>      Charging Party | **Case 29-CA-298919** |

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on July 7, 2022**,** I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon, District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

July 7, 2022

| | |
|---|---|
| _____ | FREDA DEVONSHIRE, Designated Agent of NLRB |
| Date | Name |
| | _____ |
| | /S/ FREDA DEVONSHIRE |
| | Signature |

# Exhibit I

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

| | DO NOT WRITE IN THIS SPACE | |
|---|---|---|
| | Case | Date Filed |
| | 29-CA-299049 | 7/11/2022 |

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

### 1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT

| a. Name of Employer<br>Starbucks Corporation | | b. Tel. No. |
|---|---|---|
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*)<br>6 Great Neck Road, Great Neck, NY 11021 | e. Employer Representative<br>Mario Leon | f. Fax No. |
| | | g. e-mail<br>mleon@starbucks.com |
| | | h. Number of Workers Employed<br>14 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Coffee Shop | j. Identify Principal Product or Service<br>Food and beverage retail | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and **(3)** of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

On about February 25, 2022, the above-named Employer discriminated against its employee Revna Charasz by denying their request to reduce their work hours in retaliation for employees' union activities.

On about May 4, 2022, the Employer threatened employees with unspecified reprisals if they continued to engage in union activities.

3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)
Workers United

| 4a. Address (*Street and number, city, state, and ZIP code*)<br><br>305 Seventh Avenue, 7th Floor<br>New York, NY 10001 | 4b. Tel. No.<br>(212) 475-3131 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)
Workers United, a/w SEIU

| 6.  DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | Tel. No.<br>212-356-0257 |
|---|---|
| *Marie B Hahn* (signature) | Office, if any, Cell No.<br>630-229-2112 |
| (*signature of representative or person making charge*)     Marie B. Hahn, Esq.<br>(*Print/type name and title or office, if any*) | Fax No.<br>646-473-8257 |
| Address:   Cohen, Weiss and Simon LLP<br>900 Third Ave. Suite 2100<br>New York, NY, 10022     Date:  7/8/22 | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

GC Exhibit 1(U)

## UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**STARBUCKS CORPORATION**

    Charged Party

    and

**WORKERS UNITED**

    Charging Party

**Case 29-CA-299049**

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on July 11, 2022**,** I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon, District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

July 11, 2022

FREDA DEVONSHIRE, Designated Agent of NLRB

_____          _____
Date                                                              Name

/S/ FREDA DEVONSHIRE
_____
Signature

# Exhibit J

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**


**STARBUCKS CORPORATION**

    **and**                                      **Case Nos. 29-CA-292741**
                                                **29-CA-294928**

**WORKERS UNITED,**
**AFFILIATED WITH SEIU**


### ORDER CONSOLIDATING CASES, CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

This Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing is based on the unfair labor practice charges filed by Charging Party Workers United, herein called by its correct name, Workers United, affiliated with SEIU ("Union") in Case Nos. 29-CA-292741 and 29-CA-294928, each alleging that Starbucks Corporation ("Respondent") has engaged in unfair labor practices affecting commerce as set forth in the National Labor Relations Act ("Act"), 29 U.S.C. § 151 et seq.  Based thereon and pursuant to Section 102.33 and 102.45 of the Rules and Regulations of the National Labor Relations Board ("Board") and to avoid unnecessary costs or delay,

**IT IS ORDERED THAT** Case Nos. 29-CA-292741 and 29-CA-294928, are hereby consolidated.

This Order Consolidating Cases, Consolidated Complaint, and Notice of Hearing is issued pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations and alleges that Respondent has violated the Act as described below.

1.      (a)      The charge in Case No. 29-CA-292741 was filed by the Union on March 21, 2022, and a copy was served on Respondent by U.S. mail on March 24, 2022.

GC Exhibit 1(W)

(b)    The first amended charge in Case No. 29-CA-292741 was filed by the Union on April 20, 2022, and a copy was served on Respondent by U.S. mail on April 25, 2022.

(c)    The charge in Case No. 29-CA-294928 was filed by the Union on April 29, 2022, and a copy was served on Respondent by U.S. mail on April 28, 2022.

(d)    The first amended charge in Case No. 29-CA-294928 was filed by the Union on June 1, 2022, and a copy was served on Respondent by U.S. mail on June 1, 2022.

2.    (a)    At all material times, Respondent, a Washington limited liability company with a facility located at 6 Great Neck Road, Great Neck, New York ("Great Neck Store") has been engaged in the retail sale of food and beverages.

(b)    During the past twelve months, which period is representative of its operations in general, in conducting its business operations described above in subparagraph 2(a), Respondent has derived gross revenues in excess of $500,000 and purchased and received at the Great Neck Store good valued in excess of $5,000 directly from enterprises located outside the State of New York.

3.    At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4.    At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.    At all material times, the following individuals held the positions set forth opposite their names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

(a)    Alexis Vertucci       -       Regional Director of Operations

(b)    Mario Leon           -       District Manager

(c)    Beth Daniells    -    Store Manager

6.    On or about the following dates, at the Great Neck Store, Respondent required employees' attendance at mandatory meetings, which Respondent conducted for the purpose of discouraging employees from supporting the Union:

(a)    February 11, 2022;

(b)    February 17, 2022;

(c)    In or about early March 2022, a more precise date presently unknown;

(c)    March 25, 2022;

(d)    April 7, 2022;

(e)    April 8, 2022;

(f)    May 4, 2022.

7.    On or about February 11, 2022, Respondent, by Leon, at the Great Neck Store:

(a)    threatened employees with the loss of opportunities for promotion if employees chose to be represented by the Union;

(b)    threatened employees with stricter enforcement of Respondent's time and attendance policies if employees chose to be represented by the Union;

(c)    threatened employees with the loss of opportunities to work in Respondent's other facilities beyond the Great Neck Store if employees chose to be represented by the Union;

(d)    threatened employees with the loss of benefits, including tuition reimbursement, if employees chose to be represented by the Union;

(e)    threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers if employees chose to be represented by the Union;

(f)    threatened employees that the Union would require employees to participate in strikes if employees chose to be represented by the Union;

(g)    by telling employees that they would not be able to remove the Union if employees selected the Union as their collective-bargaining representative, informed employees that it would be futile for them to select the Union as their bargaining representative;

(h)    solicited grievances from employees and promised to remedy those grievances if employees refrained from selecting the Union as their collective-bargaining representative.

8.    On or about February 17, 2022, Respondent, by Vertucci, at the Great Neck Store, by soliciting employee complaints and grievances, promised employees increased benefits and improved terms and conditions of employment if employees refrained from selecting the Union as their collective-bargaining representative.

9.    (a)    Since on or about February 17, 2022, Respondent has maintained and enforced a rule prohibiting employees from posting materials or messages in the back room of the Great Neck Store.

(b)    Respondent maintained and enforced the rule described above in subparagraph 9(a) to discourage its employees from assisting the Union or engaging in other concerted activities.

(c)     Since on or about February 17, 2022, Respondent, by Daniells, has enforced the rule described above in subparagraph 9(a) selectively and disparately by prohibiting pro-Union solicitations and distributions, while permitting non-union solicitations and distributions.

10.     (a)     Since about March 1, 2022, Respondent has been prohibiting employees from exchanging shifts with co-workers without prior approval by Respondent, in contravention of its past practice.

(b)     Respondent engaged in the conduct described above in subparagraph 10(a) because its employees engaged in activities in support of the Union.

11.     On or about March 25, 2022, Respondent, by Leon, at the Great Neck Store:

(a)     interrogated employees about their union activities and sympathies and the union activities and sympathies of other employees;

(b)     threatened employees with increased workload by stating that employees from Respondent's other facilities would be prohibited from working at the Great Neck Store if Great Neck Store employees chose to be represented by the Union;

(c)     threatened employees with the loss of benefits, including tuition reimbursement, if employees chose to be represented by the Union;

(d)     threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers if employees chose to be represented by the Union;

(d)     threatened employees with reduced wages if employees chose to be represented by the Union, specifically by stating that employees would have no choice but to have Union dues deducted from their paychecks;

(e)      by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, informed its employees that it would be futile for them to select the Union as their bargaining representative.

12.      On or about April 7, 2022, Respondent, by Leon, at the Great Neck Store:

(a)      threatened employees with the loss of benefits if employees chose to be represented by the Union;

(b)      by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, informed its employees that it would be futile for them to select the Union as their bargaining representative.

13.      (a)      At all material times, Respondent, has maintained the following rule:

> "Personal video recording, audio recording or photographing of other partners or customers in the store without their consent is not allowed except as protected under federal labor laws."

(b)      Respondent maintained and enforced the rule described above in subparagraph 13(a) to discourage its employees from assisting the Union or engaging in other concerted activity.

(c)      Since on or about April 8, 2022, Respondent, by Leon and Daniells, has enforced the rule described above in subparagraph 13(a) selectively and disparately by threatening to discipline employees who engage in union activities that violate this rule.

14.      On or about April 8, 2022, Respondent, by Leon, at the Great Neck Store, interrogated employees about their union activities and sympathies and the union activities and sympathies of other employees.

15.     On or about April 8, 2022, Respondent, by Daniells, at the Great Neck Store, created an impression among employees that their union activities were under surveillance by Respondent.

16.     On or about May 4, 2022, Respondent, by Leon and Daniells, at the Great Neck Store, promised its employees increased wages and improved terms and conditions of employment if the employees rejected the union as their bargaining representative.

17.     (a)     On about April 21, 2022, Respondent issued a written warning to its employee Joselyn Chuquillanqui.

        (b)     Respondent engaged in the conduct described above in subparagraph 17(a) because the named employee joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

18.     By the conduct described above in paragraphs 6 through 16, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

19.     By the conduct described above in paragraphs 10 and 17, Respondent has been discriminating in regard to the tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

20.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

21.     As part of the remedy for the unfair labor practices alleged above in paragraphs 6 through 19, the General Counsel seeks an order requiring that Respondent:

(a)      read the Notice to Employees, in English and any other languages deemed necessary, in the presence of a Board agent and a representative of the Union, at a meeting or meetings convened by Respondent for all employees at the Great Neck Store;

(b)      electronically post the Notice to Employees to any electronic bulletin board, e-mail, website, web application or intranet that Respondent customarily uses to communicate with employees at the Great Neck Store.

(c)      permit a duly-appointed Board Agent to enter all areas of the Great Neck Store for a period of sixty (6) days, at reasonable times and in a manner not to unduly interfere with the Respondent's operations, for the limited purpose of determining whether the Respondent is in compliance with the notice posting and distribution requirements;

(d)      schedule with NLRB Region 29 staff mandatory training session(s) to be attended by all Respondent supervisors and managers who have oversight responsibility over the Great Neck Store covering the rights guaranteed to employees under Section 7 of the Act and submit an attendance list for such training session(s) to the Regional Director within 7 days of the training session(s); and

(e)      afford the Union the right to deliver a 30-minute speech to employees, on working time, prior to any Board-administered representation election, in a timeframe of not more than 10 days nor less than 48 hours before the election.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an answer to the consolidated complaint.  The answer must be **received by this office on or before July 29, 2022, or postmarked on or before July 28, 2022**. Respondent also must serve a copy of the answer on each of the other parties.

The answer must be filed electronically through the Agency's website. To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions. Responsibility for the receipt and usability of the answer rests exclusively upon the sender. Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason. The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21. If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office. However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing. Service of the answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations. The answer may not be filed by facsimile transmission. If no answer is filed, or if an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the consolidated complaint are true.

Any request for an extension of time to file an answer must be filed by the close of business on July 29, 2022. The request must be in writing and addressed to the Regional Director of Region 29.

## <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE THAT on **September 23, 2022**, **10:00 am**, and on consecutive days thereafter until concluded,  a hearing will be conducted before an administrative law judge of the National Labor Relations Board via video conference or in-person at a hearing room located at Region 29 of the NLRB, Two MetroTech Center, 5th Floor, Brooklyn, New York–the manner and location of the hearing to be determined and Ordered by the Administrative Law Judge.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  July 15, 2022

/s/ *Nancy Reibstein*

_____

NANCY REIBSTEIN
ACTING REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Attachments

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

**STARBUCKS CORPORATION**

    **and**                                 **Case Nos 29-CA-292741;**
**WORKERS UNITED,**                                  **29-CA-294928**
**AFFILIATED WITH SEIU**

**AFFIDAVIT OF SERVICE OF: Order Consolidating Cases, Consolidated Complaint and Notice of Hearing (with forms NLRB-4338 and NLRB-4668 attached)**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on July 15, 2022, I served the above-entitled document(s) by **e-issuance, regular mail,** as noted below, upon the following persons, addressed to them at the following addresses:

Mario Leon                       mleon@starbucks.com
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

Alan I. Model, Esq.               amodel@littler.com
Littler Mendelson PC
290 Broadhollow Road
Suite 305
Melville, NY 11747

Marie A. Duarte, Esq.            mduarte@littler.com
Littler Mendelson, P.C.
290 Broadhollow Road, Suite 305
Melville, NY 11747-4834

David S. Ostern, Esquire          dostern@littler.com
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, NJ 07102

Julie Kelly                      jkelly@workersunitednynj.org
Workers United
305 Seventh Avenue, 7th Floor
New York, NY 10001

Marie B. Hahn, Attorney          mhahn@cwsny.com
Cohen, Weiss & Simon LLP
900 Third Avenue
Suite 2100
New York, NY 10022-4869

July 15, 2022

                                  FREDA DEVONSHIRE, Designated Agent of
                                        NLRB

_____          _____
Date                                      Name

                                  /S/ FREDA DEVONSHIRE
                                          Signature

# Exhibit K

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 29-CA-300213 | 7/27/2022 |

| 1.  EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|

| a. Name of Employer<br>Starbucks Corporation | | b. Tel. No.<br>206-318-2212 |
|---|---|---|
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*)<br>6 Great Neck Road<br>Great Neck, NY 11021 | e. Employer Representative<br>Mario Leon<br>District Manager | f. Fax No. |
| | | g. e-mail<br>mleon@starbucks.com |
| | | h. Number of Workers Employed<br>14 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Coffee shop | j. Identify Principal Product or Service<br>Food and beverage | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

On or around July 27, 2022, the Employer, by Store Manager Beth Daniells and District Manager Mario Leon, discharged employee Joselyn Chuquillanqui in retaliation for her union activities.

3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)
Workers United

| 4a. Address (*Street and number, city, state, and ZIP code*)<br>305 Seventh Avenue, 7th Floor, New York, NY 10001 | 4b. Tel. No.<br>(212) 475-3131 |
|---|---|
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

Workers United, a/w Service Employees International Union

| 6.  DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>212-356-0257 |
|---|---|---|
| *Marie B Hahn*<br>(*signature of representative or person making charge*) | Marie B. Hahn, Attorney<br>(*Print/type name and title or office, if any*) | Office, if any, Cell No.<br>630-229-2112 |
| | | Fax No. |
| Address:    Cohen, Weiss and Simon LLP<br>900 Third Ave. Suite 2100<br>New York, NY, 10022 | Date:    7/27/2022 | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**
**PRIVACY ACT STATEMENT**
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully

GC Exhibit 1(Y)

set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

## UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

| | |
|---|---|
| **STARBUCKS CORPORATION**<br><br>Charged Party<br><br>and<br><br>**WORKERS UNITED**<br><br>Charging Party | **Case 29-CA-300213** |

### AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER

I, the undersigned employee of the National Labor Relations Board, state under oath that on July 27, 2022**,** I served the above-entitled document(s) by post-paid regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon, District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

July 27, 2022

| | |
|---|---|
| | FREDA DEVONSHIRE, Designated Agent of NLRB |
| Date | Name |
| | /S/ FREDA DEVONSHIRE |
| | Signature |

# Exhibit L

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

STARBUCKS CORPORATION

and

WORKERS UNITED, AFFILIATED
WITH SEIU

Cases  29-CA-292741
29-CA-294928

RESPONDENT STARBUCKS CORPORATION'S
ANSWER AND AFFIRMATIVE DEFENSES TO CONSOLIDATED COMPLAINT

Respondent Starbucks Corporation ("Respondent") hereby files this Answer to the Acting Regional Director's Consolidated Complaint ("Consolidated Complaint"), as follows:

1.      Respondent admits that it received the charge identified in Paragraph 1(a) of the Consolidated Complaint, but lacks the requisite knowledge to admit or deny the remaining allegations in this Paragraph, and therefore denies those allegations.

2.      Respondent admits that it received the charge identified in Paragraph 1(b) of the Consolidated Complaint, but lacks the requisite knowledge to admit or deny the remaining allegations in this Paragraph, and therefore denies those allegations.

3.      Respondent admits that it received the charge identified in Paragraph 1(c) of the Consolidated Complaint, but lacks the requisite knowledge to admit or deny the remaining allegations in this Paragraph, and therefore denies those allegations.

4.      Respondent admits that it received the charge identified in Paragraph 1(d) of the Consolidated Complaint, but lacks the requisite knowledge to admit or deny the remaining allegations in this Paragraph, and therefore denies those allegations.

GC Exhibit 1(AA)

5.      Respondent admits the allegations contained in Paragraph 2(a) of the Consolidated Complaint.

6.      Respondent admits the allegations contained in Paragraph 2(b) of the Consolidated Complaint.

7.      Respondent admits the allegations contained in Paragraph 3 of the Consolidated Complaint.

8.      Respondent admits the allegations contained in Paragraph 4 of the Consolidated Complaint.

9.      Respondent denies the allegations contained in Paragraph 5 of the Consolidated Complaint as "at all material times" is undefined, but admits that while employed by Starbucks the individuals identified held the job titles next to their names and were supervisors and/or managerial employees.

10.     Respondent denies the allegations contained in Paragraph 6 of the Consolidated Complaint.

11.     Respondent denies the allegations contained in Paragraph 7(a) of the Consolidated Complaint.

12.     Respondent denies the allegations contained in Paragraph 7(b) of the Consolidated Complaint.

13.     Respondent denies the allegations contained in Paragraph 7(c) of the Consolidated Complaint.

14.     Respondent denies the allegations contained in Paragraph 7(d) of the Consolidated Complaint.

15.     Respondent denies the allegations contained in Paragraph 7(e) of the Consolidated

Complaint.

16.     Respondent denies the allegations contained in Paragraph 7(f) of the Consolidated Complaint.

17.     Respondent denies the allegations contained in Paragraph 7(g) of the Consolidated Complaint.

18.     Respondent denies the allegations contained in Paragraph 7(h) of the Consolidated Complaint.

19.     Respondent denies the allegations contained in Paragraph 8 of the Consolidated Complaint.

20.     Respondent denies the allegations contained in Paragraph 9(a) of the Consolidated Complaint.

21.     Respondent denies the allegations contained in Paragraph 9(b) of the Consolidated Complaint.

22.     Respondent denies the allegations contained in Paragraph 9(c) of the Consolidated Complaint.

23.     Respondent denies the allegations contained in Paragraph 10(a) of the Consolidated Complaint.

24.     Respondent denies the allegations contained in Paragraph 10(b) of the Consolidated Complaint.

25.     Respondent denies the allegations contained in Paragraph 11(a) of the Consolidated Complaint.

26.     Respondent denies the allegations contained in Paragraph 11(b) of the Consolidated Complaint.

27.    Respondent denies the allegations contained in Paragraph 11(c) of the Consolidated Complaint.

28.    Respondent denies the allegations contained in Paragraph 11(d) of the Consolidated Complaint.

29.    Respondent denies the allegations contained in Paragraph 11(e) of the Consolidated Complaint.

30.    Respondent denies the allegations contained in Paragraph 12(a) of the Consolidated Complaint.

31.    Respondent denies the allegations contained in Paragraph 12(b) of the Consolidated Complaint.

32.    Respondent admits the allegations contained in Paragraph 13(a) of the Consolidated Complaint.

33.    Respondent denies the allegations contained in Paragraph 13(b) of the Consolidated Complaint.

34.    Respondent denies the allegations contained in Paragraph 13(c) of the Consolidated Complaint.

35.    Respondent denies the allegations contained in Paragraph 14 of the Consolidated Complaint.

36.    Respondent denies the allegations contained in Paragraph 15 of the Consolidated Complaint.

37.    Respondent denies the allegations contained in Paragraph 16 of the Consolidated Complaint.

38.    Respondent admits the allegations contained in Paragraph 17(a) of the Consolidated

Complaint.

39.    Respondent denies the allegations contained in Paragraph 17(b) of the Consolidated

Complaint.

40.    The allegations in Paragraph 18 of the Consolidated Complaint contain a legal

conclusion to which no response is required. To the extent a response is required, Respondent

denies the allegations.

41.    The allegations in Paragraph 19 of the Consolidated Complaint contain a legal

conclusion to which no response is required. To the extent a response is required, Respondent

denies the allegations.

42.    The allegations in Paragraph 20 of the Consolidated Complaint contain a legal

conclusion to which no response is required. To the extent a response is required, Respondent

denies the allegations.

43.    Respondent denies all relief sought by the Region as set forth in Paragraph 21 of

the Consolidated Complaint, and states that the General Counsel is not entitled to the relief

requested.

## **AFFIRMATIVE AND OTHER DEFENSES**

Respondent asserts the following defenses, which are not all of its defenses, without

assuming any burden of proof not otherwise required of it. Starbucks also reserves the right to

revise or change these defenses and plead other defenses.

1.    The allegations in the Consolidated Complaint fail to state a claim upon which relief

may be granted.

2.    The allegations in the Consolidated Complaint are vague and ambiguous.

3.      The allegations in the Consolidated Complaint, and the charges underlying the Consolidated Complaint, were filed and made in bad faith, and for vexatious and improper purposes, including to infringe upon Respondent's rights and the operation of its business.

4.      To the extent the Consolidated Complaint contains allegations that are beyond the scope of the charge(s), such allegations are barred under Section 10(b) of the National Labor Relation Act ("NLRA").

5.      At all material times, Respondent has acted in good faith and in compliance with the NLRA.

6.      Respondent acted pursuant to its rules and practices, and the individuals identified in Paragraph 6(a), 7(a), 8(a), and 9(a) of the Consolidated Complaint violated Respondent's rules and practices.

7.      The National Labor Relations Board ("NLRB" or "Board") is not empowered to substitute its judgment for Respondent's lawful employment decisions.

8.      Assuming, *arguendo*, any Consolidated Complaint allegation is found to be a violation of the Act, a retroactive remedy would be a manifest injustice and denial of due process.

9.      Any statement made by any of Respondent's supervisor's and/or agents during the time covered by the Consolidated Complaint fall within the ambit of Section 8(c) of the Act, and as such, neither constitutes nor can be used as evidence of an unfair labor practice.

10.     Insofar as this case comes before the Board, Members Gwynne Wilcox and David Prouty should recuse themselves based on their past, present and perceived relationship with the Service Employees ("SEIU") International and Local Unions, and their affiliates, including the Charging Party Workers United.

11.     Any Consolidated Complaint allegations outside the applicable statute of limitations or any evidence relating to conduct outside the applicable statute of limitations are time barred by Section 10(b) of the Act.

12.     By virtue of its actions and inactions, the Region has exceeded or abused its authority under the U.S. Constitution and other laws in the investigation of the unfair labor practice charge(s) and issuance of the Consolidated Complaint, including the denial of Respondent's due process.

13.     Respondent reserves the right to amend, modify, revise and plead further any additional defenses, affirmative or otherwise, during the course of these proceedings.

**WHEREFORE**, Respondent prays that an Order dismissing the Consolidated Complaint in its entirety with prejudice, be entered, and that Respondent have such other and further relief to which it may be entitled.

Dated: July 29, 2022                                    Respectfully submitted,
        Newark, New Jersey

                                                        */s/ Alan I. Model*
                                                        Alan I. Model, Esq.
                                                        David S. Ostern, Esq.
                                                        Littler Mendelson, P.C.
                                                        One Newark Center, 8th Floor
                                                        Newark, New Jersey, 07102
                                                        T: (973) 848-4700
                                                        E: amodel@littler.com
                                                        E: dostern@littler.com

## CERTIFICATE OF SERVICE

I hereby certify that copies of the foregoing Answer to Consolidated Complaint were

served on the following by electronic filing, email and/or U.S. mail on July 29, 2022.

| |
|---|
| Nancy Reibstein, Acting Regional Director<br>National Labor Relations Board, Region 29<br>Two Metro Tech Center, Suite 5100<br>Brooklyn, New York 11201-3838 |
| Marie B. Hahn, Esq., *Counsel for Charging Party*<br>Cohen, Weiss & Simon LLP<br>900 Third Avenue, Suite 2100<br>New York, New York 10022-4869<br>E: mhahn@cwsny.com |

Dated:  July 29, 2022                                        Respectfully submitted,
            Newark, New Jersey

                                                                    */s/ Alan I. Model*
                                                                    Alan I. Model, Esq.
                                                                    David S. Ostern, Esq.
                                                                    Littler Mendelson, P.C.
                                                                    One Newark Center, 8th Floor
                                                                    Newark, New Jersey, 07102
                                                                    T: (973) 848-4700
                                                                    E: amodel@littler.com
                                                                    E: dostern@littler.com

# Exhibit M

Form NLRB - 501 (3-21)

UNITED STATES OF AMERICA
NATIONAL LABOR RELATIONS BOARD
**CHARGE AGAINST EMPLOYER**

**INSTRUCTIONS:**
File an original with NLRB Regional Director for the region in which the alleged unfair labor practice occurred or is occurring.

| DO NOT WRITE IN THIS SPACE | |
|---|---|
| Case | Date Filed |
| 29-CA-300564 | 08/02/2022 |

| 1. EMPLOYER AGAINST WHOM CHARGE IS BROUGHT | | |
|---|---|---|
| a. Name of Employer<br>Starbucks Corporation | | b. Tel. No.<br>206-318-2212 |
| | | c. Cell No. |
| d. Address (*Street, city, state, and ZIP code*)<br>6 Great Neck Road<br>Great Neck, NY 11021 | e. Employer Representative<br>Mario Leon<br>District Manager | f. Fax No. |
| | | g. e-mail<br>mleon@starbucks.com |
| | | h. Number of Workers Employed<br>14 |
| i. Type of Establishment (*factory, mine, wholesaler, etc.*)<br>Coffee shop | j. Identify Principal Product or Service<br>Food and beverage | |

l. The above-named employer has engaged in and is engaging in unfair labor practices within the meaning of section 8(a), subsections (1) and (3) of the National Labor Relations Act, and these unfair labor practices are practices affecting commerce within the meaning of the Act, or these unfair labor practices are practices affecting commerce within the meaning of the Act and the Postal Reorganization Act.

2. Basis of the Charge (*set forth a clear and concise statement of the facts constituting the alleged unfair labor practices*)

Starting within the six months preceding the filing of this charge, the Employer reduced work hours of Joselyn Chuquillanqui in order to discourage Section 7 protected union activity and/or retaliate against and punish Chuquillanqui for her Section 7 protected union activity.

| 3. Full name of party filing charge (*if labor organization, give full name, including local name and number*)<br>Workers United | |
|---|---|
| 4a. Address (*Street and number, city, state, and ZIP code*)<br>305 Seventh Avenue, 7th Floor, New York, NY 10001 | 4b. Tel. No.<br>(212) 475-3131 |
| | 4c. Cell No. |
| | 4d. Fax No. |
| | 4e. e-mail<br>jkelly@workersunitednynj.org |

5. Full name of national or international labor organization of which it is an affiliate or constituent unit (*to be filled in when charge is filed by a labor organization*)

Workers United, a/w Service Employees International Union

| 6. DECLARATION<br>I declare that I have read the above charge and that the statements are true to the best of my knowledge and belief. | | Tel. No.<br>212-356-0257 |
|---|---|---|
| *Marie B Hahn* (signature) | | Office, if any, Cell No.<br>630-229-2112 |
| (*signature of representative or person making charge*) | Marie B. Hahn, Attorney<br>(*Print/type name and title or office, if any*) | Fax No. |
| Address: Cohen, Weiss and Simon LLP<br>900 Third Ave. Suite 2100<br>New York, NY, 10022 | Date: 8/2/2022 | e-mail<br>mhahn@cwsny.com |

**WILLFUL FALSE STATEMENTS ON THIS CHARGE CAN BE PUNISHED BY FINE AND IMPRISONMENT (U.S. CODE, TITLE 18, SECTION 1001)**

PRIVACY ACT STATEMENT
Solicitation of the information on this form is authorized by the National Labor Relations Act (NLRA), 29 U.S.C. § 151 *et seq.* The principal use of the information is to assist the National Labor Relations Board (NLRB) in processing unfair labor practice and related proceedings or litigation. The routine uses for the information are fully set forth in the Federal Register, 71 Fed. Reg. 74942-43 (Dec. 13, 2006). The NLRB will further explain these uses upon request. Disclosure of this information to the NLRB is voluntary; however, failure to supply the information will cause the NLRB to decline to invoke its processes.

9839293.1

GC Exhibit 1(BB)

## UNITED STATES OF AMERICA

## BEFORE THE NATIONAL LABOR RELATIONS BOARD

**STARBUCKS CORPORATION**

      Charged Party

      and

**WORKERS UNITED**

      Charging Party

**Case 29-CA-300564**

**AFFIDAVIT OF SERVICE OF CHARGE AGAINST EMPLOYER**

I, the undersigned employee of the National Labor Relations Board, state under oath that on August 2, 2022**,** I served the above-entitled document(s) by email and regular mail upon the following persons, addressed to them at the following addresses:

Mario Leon, District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

Marie B. Hahn, Esq.
Cohen, Weiss & Simon LLP
900 Third Avenue Suite 2100
New York, NY 10022-4869

Workers United
305 Seventh Avenue, 7th Floor
New York, NY 10001

      August 2, 2022

      Samiyah Hassan-Ametov,
      Designated Agent of NLRB

_____
Date

_____
Name

      /s/ *Samiyah Hassan-Ametov*
_____
Signature

# Exhibit N

**UNITED STATES OF AMERICA**
**BEFORE THE NATIONAL LABOR RELATIONS BOARD**
**REGION 29**

**STARBUCKS CORPORATION**

    **and**

**WORKERS UNITED,**
**AFFILIATED WITH SEIU**

**Case Nos. 29-CA-292741**
           **29-CA-294928**
           **29-CA-298919**
           **29-CA-299049**
           **29-CA-300213**
           **29-CA-300564**

## ORDER FURTHER CONSOLIDATING CASES, SECOND CONSOLIDATED COMPLAINT AND NOTICE OF HEARING

On July 15, 2022, a Consolidated Complaint and Notice of Hearing issued in Case Nos. 29-CA-292741 and 29-CA-294928 alleging that Starbucks Corporation ("Respondent") had engaged in unfair labor practices that violate the National Labor Relations Act ("Act"), 29 U.S.C. § 151 et seq.  Pursuant to Section 102.33 of the Rules and Regulations of the National Labor Relations Board ("Board"), and to avoid unnecessary costs or delay, **IT IS ORDERED THAT** those cases are further consolidated with Case Nos. 29-CA-298919, 29-CA-299049, 29-CA-300213 and 29-CA-300564, which have been filed by Workers United, affiliated with SEIU ("Union") and allege that Respondent has engaged in further unfair labor practices within the meaning of the Act. This Second Consolidated Complaint and Notice of Hearing, issued pursuant to Section 10(b) of the Act and Section 102.15 of the Board's Rules and Regulations, is based on these consolidated cases and alleges that Respondent has violated the Act as described below.

1.    (a)    The charge in Case No. 29-CA-292741 was filed by the Union on March 21, 2022, and a copy was served on Respondent by U.S. mail on March 24, 2022.

        (b)    The first amended charge in Case No. 29-CA-292741 was filed by the Union on April 20, 2022, and a copy was served on Respondent by U.S. mail on April 25, 2022.

GC Exhibit 1(DD)

      (c)      The charge in Case No. 29-CA-294928 was filed by the Union on April 29, 2022, and a copy was served on Respondent by U.S. mail on April 28, 2022.

      (d)      The first amended charge in Case No. 29-CA-294928 was filed by the Union on June 1, 2022, and a copy was served on Respondent by U.S. mail on June 1, 2022.

      (e)      The charge in Case No. 29-CA-298919 was filed by the Union on July 7, 2022, and a copy was served on Respondent by U.S. mail on July 7, 2022.

      (f)      The charge in Case No. 29-CA-299049 was filed by the Union on July 11, 2022, and a copy was served on Respondent by U.S. mail on July 11, 2022.

      (g)      The charge in Case No. 29-CA-300213 was filed by the Union July 27, 2022, and a copy was served on Respondent by U.S. mail on July 27, 2022.

      (h)      The charge in Case No. 29-CA-300564 was filed by the Union on August 2, 2022, and a copy was served on Respondent by U.S. mail on August 2, 2022.

2.      (a)      At all material times, Respondent, a Washington limited liability company with a facility located at 6 Great Neck Road, Great Neck, New York ("Great Neck Store") has been engaged in the retail sale of food and beverages.

      (b)      During the past twelve months, which period is representative of its business operations in general, in conducting its business operations described above in subparagraph 2(a), Respondent has derived gross revenues in excess of $500,000 and purchased and received at the Great Neck Store goods and supplies valued in excess of $5,000 directly from enterprises located outside the State of New York.

3.      At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4.     At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.     At all times material times, including the period from February 1 through July 31, 2022, the following individuals held the positions set forth opposite their names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

    (a)     Alexis Vertucci     -     Regional Director of Operations

    (b)     Mario Leon     -     District Manager

    (c)     Beth Daniells     -     Store Manager

6.     On or about the following dates, in the back room at the Great Neck Store, Respondent required employees' attendance at mandatory meetings, which Respondent conducted for the purpose of discouraging employees from supporting the Union:

    (a)     February 11, 2022;

    (b)     February 17, 2022;

    (c)     As yet undetermined date in about early March 2022;

    (c)     March 25, 2022;

    (d)     April 7, 2022;

    (e)     April 8, 2022;

    (f)     May 4, 2022.

7.     On or about February 11, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

    (a)     threatened employees with the loss of opportunities for promotion if employees chose to be represented by the Union;

(b)     threatened employees with stricter enforcement of Respondent's time and attendance policies if employees chose to be represented by the Union;

(c)     threatened to reduce employees' wages by threatening employees with the loss of opportunities to work in Respondent's other facilities beyond the Great Neck Store if employees chose to be represented by the Union;

(d)     threatened employees with the loss of benefits, including tuition reimbursement, if employees chose to be represented by the Union;

(e)     threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers and supervisors if employees chose to be represented by the Union;

(f)     threatened employees that the Union would require employees to participate in strikes if employees chose to be represented by the Union;

(g)     by telling employees that they would not be able to remove the Union as their collective bargaining representative if employees chose to be represented by the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative;

(h)     solicited grievances from employees and promised to remedy those grievances if employees refrained from selecting the Union as their collective-bargaining representative.

8.     On or about February 17, 2022, Respondent, by Vertucci, in the back room at the Great Neck Store, by soliciting employee complaints and grievances, promised employees increased benefits and improved terms and conditions of employment if employees refrained from selecting the Union as their collective-bargaining representative.

4

9.    (a)    Since on or about February 17, 2022, Respondent has maintained and enforced a rule prohibiting employees from posting materials or messages in the back room of the Great Neck Store.

(b)    Respondent maintained and enforced the rule described above in subparagraph 9(a) to discourage its employees from assisting the Union or engaging in other concerted activities.

(c)    Since on or about February 17, 2022, Respondent, by Daniells, has enforced the rule described above in subparagraph 9(a) discriminatorily by prohibiting pro-Union solicitations and distributions, while permitting non-union solicitations and distributions.

10.    (a)    Since on or about March 1, 2022, Respondent has prohibited employees from exchanging work shifts with one another without prior approval by Respondent, in contravention of its past practice.

(b)    Respondent engaged in the conduct described above in subparagraph 10(a) because its employees engaged in activities in support of the Union.

11.    On or about March 25, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

(a)    interrogated employees about their union activities and sympathies and the union sympathies of other employees;

(b)    threatened employees with increased workloads by stating that employees from Respondent's other facilities would be prohibited from working at the Great Neck Store if Great Neck Store employees chose to be represented by the Union;

(c)    threatened employees with the loss of benefits, including tuition reimbursement, if employees chose to be represented by the Union;

(d)    threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers and supervisors if employees chose to be represented by the Union;

(e)    by telling employees that they would have no choice but to have Union dues deducted directly from their paychecks, threatened employees with reduced wages if employees chose to be represented by the Union;

(f)    by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative.

12.    On or about April 7, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

(a)    threatened employees with the loss of benefits if employees chose to be represented by the Union;

(b)    by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative.

13.    (a)    At all material times, Respondent, has maintained the following rule:

"Personal video recording, audio recording or photographing of other partners or customers in the store without their consent is not allowed except as protected under federal labor laws."

(b)    Respondent maintained and enforced the rule described above in subparagraph 13(a) to discourage its employees from assisting the Union or engaging in other concerted activities.

(c)    Since on or about April 8, 2022, Respondent, by Leon and Daniells, has enforced the rule described above in subparagraph 13(a) discriminatorily by threatening to discipline employees who engage in union activities that violate this rule.

14.    On or about April 8, 2022, Respondent, by Leon, in the back room at the Great Neck Store, interrogated employees about their union activities and sympathies and the union activities and sympathies of other employees.

15.    On or about April 8, 2022, Respondent, by Daniells, in the back room at the Great Neck Store, created the impression among employees that their union activities were under surveillance by Respondent.

16.    On or about May 4, 2022, Respondent, by Leon and Daniells, in the back room at the Great Neck Store, promised its employees increased wages and improved terms and conditions of employment if the employees rejected the union as their bargaining representative.

17.    On or about May 4, 2022, Respondent, by Leon, in the back room at the Great Neck Store, threatened employees with unspecified reprisals if they continued to engage in union activities.

18.    (a)    From about February 2022 through about May 2022, precise dates presently unknown, Respondent reduced the work hours of its employee Joselyn Chuquillanqui.

(b)    On about June 27, 2022, Respondent issued a final written warning to employee Chuquillanqui.

(c)    On about July 27, 2022, Respondent discharged employee Chuquillanqui.

(d)    Respondent engaged in the conduct described above in subparagraphs 18(a), (b) and (c) because Chuquillanqui joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

19.     By the conduct described above in paragraphs 6 through 17, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

20.     By the conduct described above in paragraphs 10 and 18, Respondent has been discriminating in regard to the tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

21.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

22.     The following employees of Respondent (Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(a) of the Act:

> Included:   All full-time and regular part-time Baristas and Shift Supervisors employed by Respondent at its facility located at 6 Great Neck Road, Great Neck, New York.
>
> Excluded:  All store managers, office clerical, confidential employees, managerial employees, guards, professional employees and supervisors as defined by the Act, and all other employees.

23.     (a)     On February 10, 2022, the Union filed a petition for representation election among Unit employees in Case No. 29-RC-290364.

(b)     A mail ballot election was conducted in Case No. 29-RC-290364, pursuant to a stipulated election agreement between Respondent and the Union, approved by the Regional Director for Region 29 of the Board.

(c)     By a Tally of Ballots issued on May 3, 2022, the Union did not receive a majority of the valid votes cast by Unit employees in the election in Case 29-RC-290364.

24.     On or about February 10, 2022, a majority the Unit described above in paragraph 22 had designated the Union as their exclusive collective-bargaining representative.

25.     The serious and substantial unfair labor practices described above in paragraphs 6 through 18 are such that there is only a slight possibility that the Board's traditional remedies could erase their effects to a degree that would allow the Board to conduct a fair re-run election in Case 29-RC-290364. Therefore, on balance, the employees' sentiments regarding representation, having been expressed through authorization cards, would be better protected by the issuance of a bargaining order.

26.     The allegations described above in paragraph 25 requesting the issuance of a bargaining order are supported by additional facts, including:

(a)     District Manager Mario Leon is a high-ranking supervisor of Respondent responsible for the discriminatory conduct described above in paragraph 18;

(b)     Respondent intended for its conduct, including the terminations, disciplines, changes in terms and conditions of employment, threats, prohibitions, statements of futility, and promises of benefits described above in paragraphs 6 through 18 to intimidate, discourage, and dissuade Unit employees from supporting the Union.

(c)     Respondent has not retracted its conduct described above in paragraphs 6 through 18;

(d)     there are approximately fourteen (14) employees in the Unit described above in paragraph 22;

(e)     a majority of Unit employees learned or were likely to have learned of Respondent's unlawful conduct described above in paragraphs 6 through 18, inclusive;

(f)     employee Chuquillanqui, described above in paragraph 18, was the leading organizer for the Union among Unit employees; and

(f)    Respondent's unlawful conduct described above in paragraphs 6 through 18 followed immediately on the heels of the Respondent's knowledge of the Union's organizing campaign.

27.    As part of the remedy for the unfair labor practices alleged above in paragraphs 6 through 20, the General Counsel seeks an order requiring that Respondent:

(a)    recognize the Union as the exclusive collective-bargaining representative of the Unit and bargain collectively with the Union as the exclusive representative of the Unit, starting from July 27, 2022, and continuing until the parties reach an agreement or a good faith impasse, pursuant to *NLRB v. Gissel Packing Co.*, 395 U.S. 575 (1969).

(b)    read the Notice to Employees, in English and any other languages deemed necessary, in the presence of a Board agent and a representative of the Union, at a meeting or meetings convened by Respondent for all employees at the Great Neck Store;

(c)    electronically distribute the Notice to Employees to all employees who are or have been employed by Respondent to regularly work at the Great Neck Store since February 10, 2022, via text messaging, e-mail, posting on social media websites, and posting on internal web applications and/or intranet site, to the extent that Respondent communicates with its employees by such means;

(d)    permit a duly-appointed Board agent to enter all areas of the Great Neck Store for a period of sixty (60) days, at reasonable times and in a manner not to unduly interfere with the Respondent's operations, and provide records, for the limited purpose of determining whether the Respondent is in compliance with the notice posting and distribution requirements;

(e)    schedule with Region 29 of the Board mandatory training session(s) for all Respondent supervisors and managers who have oversight responsibility over the Great Neck

Store covering the rights guaranteed to employees under Section 7 of the Act and submit an attendance list for such training session(s) to the Regional Director within 7 days of the training session(s);

       (f)     Make employee Joselyn Chuquillanqui whole, including but not limited to by reimbursement of direct and foreseeable consequential damages she incurred as a result of Respondent's unlawful conduct; and

       (g)     issue a letter of apology to employee Joselyn Chuquillanqui for any hardship or distress caused because Respondent unlawfully disciplined and discharged her and notifying her that Respondent will take the necessary steps to ensure that the rights of all employees to engage in union and protected, concerted activities are respected, and provide a copy of such letter to the Regional Director for Region 29 of the Board within 14 days of distribution.

       (h)     The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices described above.

    28.    To the extent that the Board does not order Respondent to recognize and bargain with the Union as described in paragraph 25 and subparagraph 27(a), the General Counsel seeks as part of the remedy for the unfair labor practices alleged above in paragraphs 6 through 20, an order requiring:

       (a)     a second election to be held in Case No. 29-RC-290364 at a date and time and in a manner to be determined by the Regional Director for Region 29 of the Board, in consultation with Respondent and the Union; and

       (b)     Respondent to afford the Union the right to deliver a 30-minute speech to Unit employees, on working time, prior to any Board-administered representation election, in a timeframe of not more than 10 days nor less than 48 hours before the election.

## ANSWER REQUIREMENT

Respondent is notified that, pursuant to Sections 102.20 and 102.21 of the Board's Rules and Regulations, it must file an Answer to the Second Consolidated Complaint.  The answer must be **received by this office on or before October 4, 2022, or postmarked on or before October 3, 2022**.  Respondent also must serve a copy of the Answer on each of the other parties.

The Answer must be filed electronically through the Agency's website.   To file electronically, go to www.nlrb.gov, click on **E-File Documents**, enter the NLRB Case Number, and follow the detailed instructions.  Responsibility for the receipt and usability of the answer rests exclusively upon the sender.  Unless notification on the Agency's website informs users that the Agency's E-Filing system is officially determined to be in technical failure because it is unable to receive documents for a continuous period of more than 2 hours after 12:00 noon (Eastern Time) on the due date for filing, a failure to timely file the answer will not be excused on the basis that the transmission could not be accomplished because the Agency's website was off-line or unavailable for some other reason.  The Board's Rules and Regulations require that an answer be signed by counsel or non-attorney representative for represented parties or by the party if not represented. See Section 102.21.  If the answer being filed electronically is a pdf document containing the required signature, no paper copies of the answer need to be transmitted to the Regional Office.  However, if the electronic version of an answer to a complaint is not a pdf file containing the required signature, then the E-filing rules require that such answer containing the required signature continue to be submitted to the Regional Office by traditional means within three (3) business days after the date of electronic filing.  Service of the Answer on each of the other parties must still be accomplished by means allowed under the Board's Rules and Regulations.  The Answer may not be filed by facsimile transmission.  If no answer is filed, or if

an answer is filed untimely, the Board may find, pursuant to a Motion for Default Judgment, that the allegations in the Second Consolidated Complaint are true.

Any request for an extension of time to file an answer must, pursuant to Section 102.111(b) of the Board's Rules and Regulations, be received by close of business on **October 4, 2022.** The request should be in writing and addressed to the Regional Director of Region 29.

## NOTICE OF HEARING

PLEASE TAKE NOTICE THAT on **Thursday, October 20, 2022, 10:00 a.m.**, and on consecutive days thereafter until concluded, a hearing will be conducted before an Administrative Law Judge of the National Labor Relations Board via video conference or in-person at a hearing room located at Two MetroTech Center, 5th Floor, Brooklyn, New York – the manner and location of the hearing to be determined and ordered by the Administrative Law Judge.  At the hearing, Respondent and any other party to this proceeding have the right to appear and present testimony regarding the allegations in this consolidated complaint.  The procedures to be followed at the hearing are described in the attached Form NLRB-4668.  The procedure to request a postponement of the hearing is described in the attached Form NLRB-4338.

Dated:  September 20, 2022

KATHY DREW KING
REGIONAL DIRECTOR
NATIONAL LABOR RELATIONS BOARD
REGION 29
Two Metro Tech Center
Suite 5100
Brooklyn, NY 11201-3838

Attachments

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

**STARBUCKS CORPORATION**

     **and**

**WORKERS UNITED**

**Cases 29-CA-292741**
**29-CA-294928**
**29-CA-298919**
**29-CA-299049**
**29-CA-300213**
**29-CA-300564**

**AFFIDAVIT OF SERVICE OF: ORDER FURTHER CONSOLIDATING CASES,
SECOND CONSOLIDATED COMPLAINT AND NOTICE OF HEARING
(with forms NLRB-4338 and NLRB-4668 attached)**

I, the undersigned employee of the National Labor Relations Board, being duly sworn, say that on **September 20, 2022**, I served the above-entitled document(s) by **certified or regular mail,** as noted below, upon the following persons, addressed to them at the following addresses:

Mario Leon
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

Alan I Model , ESQ.               **FIRST CLASS MAIL**
Littler Mendelson PC
290 Broadhollow Road
Suite 305
Melville, NY 11747

David S. Ostern , Esquire         **FIRST CLASS MAIL**
Littler Mendelson, P.C.
One Newark Center, 8th Floor
Newark, NJ 07102

Mario Leon , District Manager
Starbucks Corporation
6 Great Neck Road
Great Neck, NY 11021

GC Exhibit 1(EE)

Alan I. Model , ESQ.                              **FIRST CLASS MAIL**
Littler Mendelson, P.C.
One Newark Center,
8th Floor
Newark, NJ 07102-5235

Julie Kelly
Workers United
305 Seventh Avenue, 7th Floor
New York, NY 10001

Marie B. Hahn , Esq.                              **FIRST CLASS MAIL**
Cohen, Weiss & Simon LLP
900 Third Avenue
Suite 2100
New York, NY 10022-4869

Rachel S. Paster , ESQ.                           **FIRST CLASS MAIL**
Cohen Weiss and Simon LLP
900 Third Avenue
Floor 21
New York, NY

_____              _____
September 20, 2022                            Linette Gayle, Designated Agent of NLRB
            Date                                              Name

                                                       *Linette Gayle*

                                              _____
                                                            Signature

# Exhibit O

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 29

STARBUCKS CORPORATION

    **and**

WORKERS UNITED,
AFFILIATED WITH SEIU

Case Nos. **29-CA-292741**
**29-CA-294928**
**29-CA-298919**
**29-CA-299049**
**29-CA-300213**
**29-CA-300564**
**29-RC-290364**

## <u>AMENDED SECOND CONSOLIDATED COMPLAINT</u>

On September 20, 2022, the Regional Director for Region 29 of the National Labor Relations Board ("Board") issued an Order Further Consolidating Cases, Second Consolidated Complaint and Notice of Hearing ("Second Consolidated Complaint") in Case Nos. 29-CA-292741, 29-CA-294928, 29-CA-298919, 29-CA-299049, 29-CA-300213 and 29-CA-300564, alleging that Respondent Starbucks Corporation ("Respondent") had engaged in unfair labor practices that violate the National Labor Relations Act ("Act"), 29 U.S.C. § 151 et seq.   On September 21, 2022, the Acting Regional Director for Region 29 of the Board issued a Report on Objections and Order Further Consolidating Cases and Notice of Hearing in Case 29-RC-290364, which consolidated the objections to the conduct of the election in that case filed by Charging Party Workers United, affiliated with SEIU (Union) with the aforementioned unfair labor practice cases.

A hearing in this matter commenced on October 19, 2022.  Evidence adduced during the hearing causes the General Counsel of the Board to believe that Respondent has committed additional unfair labor practices not described in the Second Consolidated Complaint. Accordingly, on October 26, 2022, Counsel for the General Counsel orally moved for the presiding

GC Exhibit 1(QQ)

Administrative Law Judge to permit the General Counsel to amend the Second Consolidated Complaint to conform to the evidence adduced at hearing, and the Administrative Law Judge granted that motion.

This Amended Second Consolidated Complaint alleges that Respondent has violated the Act as described below.

1.    (a)    The charge in Case No. 29-CA-292741 was filed by the Union on March 21, 2022, and a copy was served on Respondent by U.S. mail on March 24, 2022.

(b)    The first amended charge in Case No. 29-CA-292741 was filed by the Union on April 20, 2022, and a copy was served on Respondent by U.S. mail on April 25, 2022.

(c)    The charge in Case No. 29-CA-294928 was filed by the Union on April 29, 2022, and a copy was served on Respondent by U.S. mail on April 28, 2022.

(d)    The first amended charge in Case No. 29-CA-294928 was filed by the Union on June 1, 2022, and a copy was served on Respondent by U.S. mail on June 1, 2022.

(e)    The charge in Case No. 29-CA-298919 was filed by the Union on July 7, 2022, and a copy was served on Respondent by U.S. mail on July 7, 2022.

(f)    The charge in Case No. 29-CA-299049 was filed by the Union on July 11, 2022, and a copy was served on Respondent by U.S. mail on July 11, 2022.

(g)    The charge in Case No. 29-CA-300213 was filed by the Union July 27, 2022, and a copy was served on Respondent by U.S. mail on July 27, 2022.

(h)    The charge in Case No. 29-CA-300564 was filed by the Union on August 2, 2022, and a copy was served on Respondent by U.S. mail on August 2, 2022.

2.      (a)      At all material times, Respondent, a Washington limited liability company with a facility located at 6 Great Neck Road, Great Neck, New York ("Great Neck Store") has been engaged in the retail sale of food and beverages.

(b)      During the past twelve months, which period is representative of its business operations in general, in conducting its business operations described above in subparagraph 2(a), Respondent has derived gross revenues in excess of $500,000 and purchased and received at the Great Neck Store goods and supplies valued in excess of $5,000 directly from enterprises located outside the State of New York.

3.      At all material times, Respondent has been an employer engaged in commerce within the meaning of Section 2(2), (6), and (7) of the Act.

4.      At all material times, the Union has been a labor organization within the meaning of Section 2(5) of the Act.

5.      At all times material times, including the period from February 1 through July 31, 2022, the following individuals held the positions set forth opposite their names and have been supervisors of Respondent within the meaning of Section 2(11) of the Act and agents of Respondent within the meaning of Section 2(13) of the Act:

(a)      Alexis Vertucci      -      Regional Director of Operations

(b)      Mario Leon      -      District Manager

(c)      Beth Daniells      -      Store Manager

6.      On or about the following dates, in the back room at the Great Neck Store, Respondent required employees' attendance at mandatory meetings, which Respondent conducted for the purpose of discouraging employees from supporting the Union:

(a)      February 11, 2022;

(b)    February 17, 2022;

(c)    As yet undetermined date in about early March 2022;

(c)    March 25, 2022;

(d)    April 7, 2022;

(e)    April 8, 2022;

(f)    May 4, 2022.

7.    On or about February 11, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

(a)    threatened employees with the loss of opportunities for promotion if employees chose to be represented by the Union;

(b)    threatened employees with stricter enforcement of Respondent's time and attendance policies if employees chose to be represented by the Union;

(c)    threatened to reduce employees' wages by threatening employees with the loss of opportunities to work in Respondent's other facilities beyond the Great Neck Store if employees chose to be represented by the Union;

(d)    threatened employees with the loss of benefits, including tuition reimbursement and health insurance, if employees chose to be represented by the Union;

(e)    threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers and supervisors if employees chose to be represented by the Union;

(f)    threatened employees that the Union would require employees to participate in strikes if employees chose to be represented by the Union;

(g)     by telling employees that they would not be able to remove the Union as their collective bargaining representative if employees chose to be represented by the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative;

(h)     solicited grievances from employees and promised to remedy those grievances if employees refrained from selecting the Union as their collective-bargaining representative.

8.     (a)     On about February 11, 2022, Respondent began enforcing a previously unenforced "Perks for Partners" policy regarding "Free Food Item and Beverages While Working," resulting in a reduction in benefits to employees.

(b)     Respondent engaged in the conduct described above in subparagraph 8(a) because its employees joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

9.     On or about February 17, 2022, Respondent, by Vertucci, in the back room at the Great Neck Store, by soliciting employee complaints and grievances, promised employees increased benefits and improved terms and conditions of employment if employees refrained from selecting the Union as their collective-bargaining representative.

10.     (a)     Since on or about February 17, 2022, Respondent has maintained and enforced a rule prohibiting employees from posting materials or messages in the back room of the Great Neck Store.

(b)     Respondent maintained and enforced the rule described above in subparagraph 9(a) to discourage its employees from assisting the Union or engaging in other concerted activities.

(c)     Since on or about February 17, 2022, Respondent, by Daniells, has enforced the rule described above in subparagraph 9(a) discriminatorily by prohibiting pro-Union solicitations and distributions, while permitting non-union solicitations and distributions.

11.    In about late February 2022, a precise date presently unknown, Respondent, by Daniells, at the Great Neck Store, interrogated employees about their union activities and the union activities of their co-workers related to posting of materials in support of the Union.

12.    (a)    Since on or about March 1, 2022, Respondent has prohibited employees from exchanging work shifts with one another without prior approval by Respondent, in contravention of its past practice.

(b)    Respondent engaged in the conduct described above in subparagraph 10(a) because its employees engaged in activities in support of the Union.

13.    On or about March 25, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

(a)    interrogated employees about their union activities and sympathies and the union sympathies of other employees;

(b)    threatened employees with increased workloads by stating that employees from Respondent's other facilities would be prohibited from working at the Great Neck Store if Great Neck Store employees chose to be represented by the Union;

(c)    threatened employees with the loss of benefits, including tuition reimbursement, if employees chose to be represented by the Union;

(d)    threatened employees with the loss of benefits, including by telling employees that they would no longer be able to address workplace concerns directly to managers and supervisors if employees chose to be represented by the Union;

(e)     by telling employees that they would have no choice but to have Union dues deducted directly from their paychecks, threatened employees with reduced wages if employees chose to be represented by the Union;

(f)     by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative.

14.     On or about April 7, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

(a)     threatened employees with the loss of benefits if employees chose to be represented by the Union;

(b)     by telling employees that they would not be able to improve their wages, benefits and other working conditions if they selected the Union, threatened employees that it would be futile for them to select the Union as their bargaining representative.

15.     (a)     At all material times, Respondent, has maintained the following rule:

> "Personal video recording, audio recording or photographing of other partners or customers in the store without their consent is not allowed except as protected under federal labor laws."

(b)     Respondent maintained and enforced the rule described above in subparagraph 13(a) to discourage its employees from assisting the Union or engaging in other concerted activities.

(c)     Since on or about April 8, 2022, Respondent, by Leon and Daniells, has enforced the rule described above in subparagraph 13(a) discriminatorily by threatening to discipline employees who engage in union activities that violate this rule.

16.    On or about April 8, 2022, Respondent, by Leon, in the back room at the Great Neck Store, interrogated employees about their union activities and sympathies and the union activities and sympathies of other employees.

17.    On or about April 8, 2022, Respondent, by Daniells, in the back room at the Great Neck Store, created the impression among employees that their union activities were under surveillance by Respondent.

18.    On a date between February 10 and May 3, 2022, a precise date presently unknown, Respondent, by Daniells, via text message, threatened employees with loss of employment if they selected the Union as their bargaining representative.

19.    On or about May 4, 2022, Respondent, by Leon and Daniells, in the back room at the Great Neck Store, promised its employees increased wages and improved terms and conditions of employment if the employees rejected the union as their bargaining representative.

20.    On or about May 4, 2022, Respondent, by Leon, in the back room at the Great Neck Store:

(a)    threatened employees with unspecified reprisals if they continued to engage in union activities; and

(b)    directed employees to refrain from engaging in union activities.

21.    (a)    From on or about February 14, 2022, through on or about May 8, 2022, Respondent reduced the work hours of its employee Joselyn Chuquillanqui.

(b)    On about June 27, 2022, Respondent issued a final written warning to employee Chuquillanqui.

(c)    On about July 27, 2022, Respondent discharged employee Chuquillanqui.

(d)     Respondent engaged in the conduct described above in subparagraphs 18(a), (b) and (c) because Chuquillanqui joined and assisted the Union and engaged in concerted activities, and to discourage employees from engaging in these activities.

22.     By the conduct described above in paragraphs 6, 7 and 9 through 20, Respondent has been interfering with, restraining and coercing employees in the exercise of the rights guaranteed in Section 7 of the Act in violation of Section 8(a)(1) of the Act.

23.     By the conduct described above in paragraphs 8, 12 and 21, Respondent has been discriminating in regard to the tenure or terms or conditions of employment of its employees, thereby discouraging membership in a labor organization in violation of Section 8(a)(1) and (3) of the Act.

24.     The unfair labor practices of Respondent described above affect commerce within the meaning of Section 2(6) and (7) of the Act.

25.     The following employees of Respondent (Unit) constitute a unit appropriate for the purposes of collective bargaining within the meaning of Section 9(a) of the Act:

> Included:  All full-time and regular part-time Baristas and Shift Supervisors employed by Respondent at its facility located at 6 Great Neck Road, Great Neck, New York.
>
> Excluded:  All store managers, office clerical, confidential employees, managerial employees, guards, professional employees and supervisors as defined by the Act, and all other employees.

26.     (a)     On February 10, 2022, the Union filed a petition for representation election among Unit employees in Case No. 29-RC-290364.

(b)     A mail ballot election was conducted in Case No. 29-RC-290364, pursuant to a stipulated election agreement between Respondent and the Union, approved by the Regional Director for Region 29 of the Board.

(c)    By a Tally of Ballots issued on May 3, 2022, the Union did not receive a majority of the valid votes cast by Unit employees in the election in Case 29-RC-290364.

27.    On or about February 10, 2022, a majority the Unit described above in paragraph 25 had designated the Union as their exclusive collective-bargaining representative.

28.    The serious and substantial unfair labor practices described above in paragraphs 6 through 24 are such that there is only a slight possibility that the Board's traditional remedies could erase their effects to a degree that would allow the Board to conduct a fair re-run election in Case 29-RC-290364. Therefore, on balance, the employees' sentiments regarding representation, having been expressed through authorization cards, would be better protected by the issuance of a bargaining order.

29.    The allegations described above in paragraph 28 requesting the issuance of a bargaining order are supported by additional facts, including:

(a)    District Manager Mario Leon is a high-ranking supervisor of Respondent responsible for the discriminatory conduct described above in paragraph 21;

(b)    Respondent intended for its conduct, including the terminations, disciplines, changes in terms and conditions of employment, threats, prohibitions, statements of futility, and promises of benefits described above in paragraphs 6 through 21 to intimidate, discourage, and dissuade Unit employees from supporting the Union.

(c)    Respondent has not retracted its conduct described above in paragraphs 6 through 21;

(d)    there are approximately fourteen (14) employees in the Unit described above in paragraph 25;

10

(e)      a majority of Unit employees learned or were likely to have learned of Respondent's unlawful conduct described above in paragraphs 6 through 21, inclusive;

(f)      employee Chuquillanqui, described above in paragraph 21, was the leading organizer for the Union among Unit employees; and

(g)      Respondent's unlawful conduct described above in paragraphs 6 through 21 followed immediately on the heels of the Respondent's knowledge of the Union's organizing campaign.

30.      As part of the remedy for the unfair labor practices alleged above in paragraphs 6 through 24, the General Counsel seeks an order requiring that Respondent:

(a)      recognize the Union as the exclusive collective-bargaining representative of the Unit and bargain collectively with the Union as the exclusive representative of the Unit, starting from February 11, 2022, and continuing until the parties reach an agreement or a good faith impasse, pursuant to *NLRB v. Gissel Packing Co.*, 395 U.S. 575 (1969).

(b)      read the Notice to Employees, in English and any other languages deemed necessary, in the presence of a Board agent and a representative of the Union, at a meeting or meetings convened by Respondent for all employees at the Great Neck Store;

(c)      electronically distribute the Notice to Employees to all employees who are or have been employed by Respondent to regularly work at the Great Neck Store since February 10, 2022, via text messaging, e-mail, posting on social media websites, and posting on internal web applications and/or intranet site, to the extent that Respondent communicates with its employees by such means;

(d)      permit a duly-appointed Board agent to enter all areas of the Great Neck Store for a period of sixty (6) days, at reasonable times and in a manner not to unduly interfere

with the Respondent's operations, and provide records, for the limited purpose of determining whether the Respondent is in compliance with the notice posting and distribution requirements;

(e)        schedule with Region 29 of the Board mandatory training session(s) for all Respondent supervisors and managers who have oversight responsibility over the Great Neck Store covering the rights guaranteed to employees under Section 7 of the Act and submit an attendance list for such training session(s) to the Regional Director within 7 days of the training session(s);

(f)        Make employee Joselyn Chuquillanqui whole, including but not limited to by reimbursement of direct and foreseeable consequential damages she incurred as a result of Respondent's unlawful conduct; and

(g)        issue a letter of apology to employee Joselyn Chuquillanqui for any hardship or distress caused because Respondent unlawfully disciplined and discharged her and notifying her that Respondent will take the necessary steps to ensure that the rights of all employees to engage in union and protected, concerted activities are respected, and provide a copy of such letter to the Regional Director for Region 29 of the Board within 14 days of distribution.

(h)        The General Counsel further seeks all other relief as may be just and proper to remedy the unfair labor practices described above.

31.        To the extent that the Board does not order Respondent to recognize and bargain with the Union as described in paragraph 28 and subparagraph 30(a), the General Counsel seeks as part of the remedy for the unfair labor practices alleged above in paragraphs 6 through 24, an order requiring:

(a)      a second election to be held in Case No. 29-RC-290364 at a date and time and in a manner to be determined by the Regional Director for Region 29 of the Board, in consultation with Respondent and the Union; and

(b)      Respondent to afford the Union the right to deliver a 30-minute speech to Unit employees, on working time, prior to any Board-administered representation election, in a timeframe of not more than 10 days nor less than 48 hours before the election.


Dated:  October 31, 2022

Matthew A. Jackson
Lynda Tooker
Counsel for the General Counsel
National Labor Relations Board, Region 29