# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

TERESA POOR, Regional Director
of Region 29 of the National Labor Relations
Board, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD

                       Petitioner

v.

STARBUCKS CORPORATION

                       Respondent

**Case No. 1:22-cv-07255-ARR-JRC**

## JOINT LETTER
## ADDRESSING DISPUTES REGARDING PROTECTIVE ORDER

Petitioner Teresa Poor, for and on behalf of the National Labor Relations Board (Petitioner), and Respondent Starbucks Corporation (Respondent) hereby submit this Joint Letter addressing the Parties' disputes over certain provisions of a Protective Order to be issued by the Court in this case. During a discovery conference held on December 19, 2022, before Magistrate Judge James R. Cho, the Court held that a Protective Order should apply to certain materials to be produced in the limited, expedited discovery ordered in this case. ECF No. 23. By his Minute Entry for Discovery Conference dated December 19, 2022, Judge Cho directed the Parties to submit a proposed Protective Order to the Court by December 22, 2022. Despite their respective efforts, the Parties are unable to agree upon the terms of the proposed Protective Order and instead respectfully request that the Court resolve two remaining disputes between the Parties concerning the provisions of the Protective Order.

Specifically, the Parties disagree on the following issues: (1) whether all pages of the deposition transcripts arising out of discovery in this case should be deemed confidential under the

Protective Order, or only select portions to be designated by the Parties during the deposition or following review of the transcripts should be designated as confidential; and (2) whether all non-attorney Respondent managers and witnesses should have access to the confidential information produced through discovery, as opposed to limiting the Respondent managers and witnesses who may receive or view confidential materials.

The Parties set forth below their respective positions on these issues and append their respective proposed Protective Orders.

## I.    PETITIONER'S POSITION

### A.  Deposition Transcripts Should Be Treated as Confidential Documents Subject to the Protective Order

During the discovery conference and in its Motion for Expedited Discovery, Respondent made it clear that it wishes to depose representatives of Workers United (Union) and certain of Respondent's former employees to question them and elicit testimony detailing employees' union sentiments and their activities in support of the Union. Under the National Labor Relations Act (Act), employees have a right to keep confidential their views about unionization and whether or not they support a union, especially when production of the information is compelled by their employer, because employer interrogation of employees regarding their union activities has an intimidating, inhibitive effect on their free exercise of the rights guaranteed to them under the Act. *Wright Electric, Inc.*, 327 NLRB 1194, 1195 (1999), *enfd.*, 200 F.3d 1162 (8th Cir. 2000) (the Act protects "the confidentiality interests of employees because of the possibility of intimidation by employers," and an employer's questioning of employees during a formal proceeding regarding their protected activities "would reasonably tend to deter the exercise of protected activity."). Particularly here, Respondent's unlawful discrimination against employees because of their union activities revealed by the administrative record in this case would reasonably cause employees to

fear retaliation from Respondent if its managers discovered the extent of the employees' activities or sentiments in support of the Union. Petitioner, moreover, has a statutory obligation to protect employee rights under the Act. *Id*.

The Court has limited discovery in this case to matters related solely to the equitable consideration of whether certain injunctive relief sought by Petitioner is just and proper. The only relevant information which Respondent has stated that it will seek through depositions within the confines of this limited discovery pertains exclusively to employees' confidential union activities and sentiments. It is, therefore, extremely likely that all relevant deposition testimony will include or relate to confidential information. For these reasons, it is appropriate for the Court to order that deposition transcripts produced through discovery be considered confidential in their entirety, as set forth in Petitioner's proposed Protective Order, attached hereto as **Exhibit 1**.

The alternative procedure proposed by Respondent would cause the Parties unnecessary burden and expense. Respondent's procedure would require each Party to order each deposition transcript on an expedited basis, incurring associated fees, just to ensure that confidential materials are appropriately marked. Counsel for the Parties would then have to perform an accelerated review of the deposition transcripts to identify what is likely to be an extensive amount of confidential material. The Parties would incur the further expense of having the court reporting service prepare separate confidential and non-confidential volumes of each deposition transcript. In addition, the procedure requested by Respondent is likely to disrupt the depositions to the extent that counsel for the Parties feel compelled to interrupt the witness testimony to identify, in real time, each instance when confidential information is divulged, which is something Counsel for Petitioner certainly intends to do if Respondent's proposed procedure is adopted by the Court.

In sum, the only relevant, discoverable evidence likely to result from the forthcoming depositions pertains to employees' protected union activities and sentiments, which is why the deposition transcripts should be treated as confidential in their entirety and subject to the Court's protective order. Furthermore, Respondent's alternative proposal would cause unwarranted burdens and costs upon the parties and would likely disrupt the expedited discovery order by the Court. Accordingly, the protective order adopted by the Court should treat all deposition transcripts as confidential and subject to the order.

B. The Protective Order Should Limit the Non-Attorney Respondent Officials Who Have Access to Confidential Materials

The Court has stated, given the sensitive nature of the information Respondent seeks through discovery, that materials produced in connection with the discovery ordered in this case should be restricted to "attorneys' eyes only." ECF No. 23. In apparent recognition of the Court's desired restriction, Respondent agrees to limit affidavits to attorneys' eyes only. Respondent, however, proposes that there be no limitation on who may be permitted to view or receive *other* confidential information produced in discovery, including deposition transcripts and documents produced under subpoena. Instead, Respondent's proposal would permit anyone in Respondent's organization, or anyone Respondent decides to designate as a "witness" in this case, to view and receive the sensitive materials detailing employees' protected activities and confidential union sentiments. However, Respondent has not articulated why the confidential information contained in affidavits warrants greater protection than other types of confidential information The nature of the confidentiality

The permissiveness of Respondent's proposed Protective Order poses serious, unacceptable risks to employees' rights under the National Labor Relations Act. One of the primary purposes of the Protective Order to be entered in this case is to limit disclosure of sensitive

information to Respondent's officials so that employees' protected activities can remain a secret to Respondent managers, to the greatest extent possible, given the needs of the litigation. Such limited disclosure would provide a critically important safeguard against the possibility that information concerning employees' union activities is used by Respondent managers – either consciously or otherwise – as a basis for retaliatory conduct against employees. Simply stated, employees have a vital interest in keeping their confidential protected activities unknown to Respondent officials, and strictly limiting the dissemination of information revealing their union activities among Respondent's managers is necessary to protect that interest.

Petitioner recognizes Respondent's potential need to consult with the store manager of the facility involved in this case or another local official with knowledge of events and circumstances at that facility regarding information or materials uncovered through discovery. Thus, Petitioner proposes that the Protective Order permit Respondent to divulge confidential materials to only one designated company representative, such that Respondent can identify which company official is best positioned to assist Respondent counsel to understand and interpret the confidential information uncovered through discovery and consult exclusively with that official about the sensitive material. This limitation strikes the appropriate balance between protecting employees' vital confidentiality interest and providing Respondent a fair opportunity to prepare and present its defense. Accordingly, the Court should adopt Petitioner's proposed Protective Order and strictly limit the Respondent officials who will be permitted to view or receive confidential information, in order to ensure that the Protective Order meaningfully protects employees' statutory right to confidentiality in their protected concerted activities.

II.     **RESPONDENT'S POSITION**

      A.     Paragraph 2: The Parties Should Not Deem Deposition Transcripts Confidential in their Entirety

Petitioner requests that the parties deem the entirety of every deposition transcript confidential. Starbucks has rejected this request for three reasons. First, Petitioner's proposed approach runs counter to the well-established principle that information in court filings should be publicly available unless that information is plainly confidential or otherwise warrants sealing. Second, Petitioner wrongly assumes that the preponderance of deposition testimony that the parties elicit will be properly designated confidential. Third, the provision Petitioner seeks will necessarily give rise to burdens upon Starbucks in connection with it having to (i) file papers with the Court under seal and (ii) follow procedures related to sealed filings that may not be necessary if only testimony that is genuinely characterized as confidential is so designated.

1.      There is no basis for Petitioner's proposed catch-all requirement that the parties deem all deposition testimony confidential. Such an approach runs counter to the principle that courts have long embraced that information should be publicly available unless it is plainly confidential or otherwise properly sealed. As explained in point no. 2, it is not the case that the preponderance of deposition testimony will be properly characterized and designated confidential.

2.      A central benefit of the Protective Order is to eliminate many disputes by permitting designation of certain unionization-related activities as confidential because the Protective Order specifically states that by agreeing to that characterization for purposes of the Protective Order Starbucks does not concede that those communications and events are actually confidential. However, not every such communication and event is **arguably** characterized properly as confidential and Petitioner should not be able to shield such instances so overbroadly. It is one thing for two or more partners to discuss how a store partner might vote (i.e., confidential), but quite another for them to discuss what one of them thought about what one of the managers said about a particular issue that related to unionization (i.e., not confidential). Moreover, it is not the

case that all deposition examination will concern communications between partners about unionization. Questions that relate to the impact of possible reinstatement of Joselyn Chuquillanqui, a central issue in this case, very likely do not elicit confidential information. It follows that Petitioner's proposal that all deposition testimony is to be designated confidential is overbroad.

3.       The effect of Petitioner's proposal is to ensure that most, if not all, of Starbucks' filings with the Court will consist of information designated as confidential. Deposition testimony is likely to be a substantial part of the content in Starbucks' filings with the Court on the merits. As a result, under Petitioner's proposal most or all of Starbucks' filings will necessarily have to be under seal. That is less likely to be the case if only information that is genuinely confidential, or even arguably characterized as genuinely confidential, is so designated.

Moreover, while there can be instances in which filing under seal is avoided under Petitioner's proposal because the parties discuss whether Petitioner will waive objection to public filing of certain information or agree upon redaction, Petitioner's proposal casts an unnecessary burden upon Starbucks in terms of it having to identify [and thereby disclose to Petitioner] the content upon which it intends to rely well in advance of a court filing. If only information that arguably is genuinely deemed confidential is so designated, Starbucks' burden of early identification of testimony and exhibits for possible redaction or waiver of objection will be less extensive and burdensome.

--------------------

A catch-all provision designating all deposition testimony confidential is overbroad and unwarranted. Starbucks' proposal recognizes that for 3 days after transcripts issue all deposition testimony should be treated as confidential but seeks to facilitate the process by requiring the

parties to try to identify promptly, though preliminarily, deposition testimony that should be designated confidential subject to further review and analysis upon receipt of the deposition transcripts. Starbucks' proposed Protective Order, which is appended as **Exhibit 2**, should provide Petitioner with the protection it seeks while not wrongly deeming confidential deposition testimony that is not properly characterized or designated as such.

      B.      <u>Paragraph 4(a): Petitioner's Proposed Attorneys' Eyes Only Restriction Will Hamper Starbucks' Defense of this Case</u>

During the December 19 conference, Starbucks' understanding was that the Court and parties discussed implementation of a Protective Order because it would include a provision, as both parties' proposals do, **limiting use of confidential information to this lawsuit**. The import of that provision, quite obviously, is that it enables the parties to utilize information designated confidential meaningfully in the lawsuit, without hampering and unduly restricting counsel.[1]

At the outset, Starbucks notes that it drew Paragraph 4(a) from Paragraph (d) of the Court's template Confidentiality Order. Upon reviewing that template again after the December 19 conference [Starbucks counsel had reviewed it prior to the discovery conference], counsel recognized that the last sentence in Paragraph (d) was consistent with counsel's understanding at the December 19 conference that the Protective Order serves the purpose of shielding information designated confidential from inappropriate disclosure precisely because it directs all concerned, including parties, that the only permissible use of such information is in the lawsuit. Counsel can

---

[1] After drafting the text presented in Starbucks' section of this Joint Letter, counsel reviewed Petitioner's portion and saw that Petitioner asserts that at the December 19 discovery conference this Court agreed with Petitioner that an attorneys' eyes only restriction is appropriate. Presumably the colloquy to which Petitioner refers is that at pages 8:22-9:20 of that transcript. As Starbucks notes in the above text, it did not understand this colloquy to constitute the Court's endorsement of an attorneys' eyes only restriction. Rather, it understood the Court to endorse use of a Protective Order consistent with the template version the Court has posted on the EDNY website that does <u>not</u> include an attorneys' eyes only provision. Starbucks further explains the basis of its understanding in this regard in the next paragraph of the text.

represent to the Court that under the umbrella of such provisions in other cases, counsel routinely informs all Company representatives and witnesses that violation of that or any like sentence is a serious matter that can result in a Court holding a person or entity in contempt.

Petitioner proposes accommodating Starbucks' objection by permitting counsel to share information designated confidential with a single Company representative or witness. The problem with that proposal is that there are likely to be instances in which Starbucks counsel needs to consult more than one Company representative or witness regarding specific information. Store manager Beth Daniels is the Company representative with the most knowledge about the store partners and to the extent possible counsel will consult with her alone. But it is unrealistic to believe that consulting solely with Ms. Daniels will be sufficient in certain instances: it is more likely than not that instances will emerge in which counsel will need to consult with Ms. Daniels <u>and</u> potential store partner witnesses who are either the author or subject of a text message or other communication. And that likelihood is increased by the fact that the Protective Order contemplates redaction of names of store partners [see **Exhibit 2**, Paragraph 4(c)], necessitating even more communication with multiple Company representatives and/or witnesses in order for counsel to understand and discern the significance of potential evidence.

In its portion of this submission Petitioner argues that Starbucks agreed to attorneys' eyes only protection for witness affidavits from the underlying case because it recognized the validity of Petitioner's attorneys' eyes only argument. That inference is entirely misplaced. During the December 19 conference, Starbucks counsel recognized Petitioner's concern in producing the affidavits <u>before</u> the Protective Order was in place. Counsel offered attorneys' eyes only protection for the affidavits <u>alone</u> to allay any concern that Petitioner might have about the affidavits <u>prior</u> to execution of a Protective Order. Accordingly, in **no** way is there any basis for

extrapolating about Starbucks' position on this point from the way Starbucks counsel addressed disclosure of the witness affidavits. As is sometimes said, no good deed goes unpunished….

In the end, the most critical point here is that the provision in the proposed Protective Order that limits use of information to this lawsuit should not be viewed as "idle words." That provision carries great weight and gives rise to grave consequences if anyone, including Starbucks managers, violate it. With its inclusion in the Protective Order, there is no basis for handicapping Starbucks counsel from defending this case appropriately. This lawyer handles a great deal of restrictive covenant litigation and has experienced instances in which he has been subjected to attorneys' eyes only restrictions that have left him feeling that he has been litigating with one hand tied behind his back despite limited "carve outs" like that proposed by Petitioner here. There is no warrant for that here, even with the limited "carve out" Petitioner proposes. The Court should direct that Paragraph 4(a) reads as Starbucks has proposed in **Exhibit 2**, consistent with the Court's template Confidentiality Order.

Respectfully submitted,

*/s/Matthew Jackson*                           */s/Jedd Mendelson*
Matthew Jackson                                Jedd Mendelson
Counsel for Petitioner                   Counsel for Respondent

Dated: December 25, 2022

# Exhibit 1

# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF NEW YORK

TERESA POOR, Regional Director
of Region 29 of the National Labor Relations
Board, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD

          Petitioner

v.

STARBUCKS CORPORATION

          Respondent

**Case No. 1:22-cv-07255-ARR-JRC**

## PROTECTIVE ORDER

1. **Scope.** Deposition testimony as well as any materials (affidavits, records of communications [including emails, text messages, and other electronic transmissions on group chat platforms and otherwise], and other documents) (hereafter "Materials") that are produced as part of the discovery ordered by the Court in this case are subject to this Protective Order ("Order") to the extent that they include Confidential Information. For the purposes of this Order, Confidential Information is material that discusses strategies, actions, communications, advice, and/or plans of Workers United ("Union"), its agents, and/or Starbucks employees (sometimes referenced as "partners") related to organizing individuals who are or were employed by Respondent Starbucks Corporation at its store at 6 Great Neck Road in Great Neck, New York. This Order is subject to the Local Rules of this District, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN

EDNY CASE NO. 1:22-cv-07255," as set forth in the paragraphs below, does not mean that the content so designated has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

2.  **Form and Timing of Designation of Deposition Testimony.**  All deposition transcripts produced in this case should be designated as confidential and subject to this Order.  The deposition transcripts do not have any status or protection by statute or otherwise, except to the extent and for the purposes of this Order. No objection shall be interposed at deposition that an answer would elicit confidential information.  Deposition transcript and any exhibits referenced therein shall be bound and marked "CONFIDENTIAL – SUBJET TO PROTECTIVE ORDER ENTERED IN EDNY CASE NO. 1:22-CV-07255," (in a manner that does not interfere with the legibility of the document) by the reporter.

3.  **Form and Timing of Designation of Materials.** Materials designated to be covered by this Order must be prominently marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN EDNY CASE NO. 1:22-cv-07255", but also in a manner that does not interfere with the legibility of the document. Materials must be so marked prior to or at the time of production or disclosure.

4.  **Protection of Material.**

    (a) Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN EDNY CASE NO. 1:22-CV-07255 shall be shown only to the attorneys for the parties in this matter, one (1) designated representative of each party, and court personnel.  Each person who is permitted to see documents so designated shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation.  Any party representative who is permitted to see confidential

documents shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A.  The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(b) The deposition testimony and Materials produced under this Order shall only be used in connection with this litigation.

(c) Names of current Starbucks employees may be redacted, except those who have publicly revealed themselves to be known union adherents.

(d) Affidavits produced by Petitioner for witnesses who testified at the administrative hearing are to be maintained on an attorneys' eyes' only basis.

(e) The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality under this Order.  If at any time prior to trial, a producing party realizes that some portion(s) of the discovery material that the party produced should be designated confidential, the party may so designate it by apprising all parties in writing and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g)  If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, the parties may submit to the Court a joint letter setting forth their respective positions regarding the dispute and requesting a

determination from the Court as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

5. **Filing of Confidential Documents Under Seal.**

(a) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV>pdf, if they wish to move to file a document under seal.

(b)     To the extent that a brief, memorandum or pleading references any document designated as confidential pursuant to this Order, such brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal, without disclosing the contents of any confidential information. To the extent that a Party finds it necessary to quote from or otherwise describe in its brief, memorandum or pleading the contents of any document designated as confidential, then the brief, memorandum or pleading shall be filed under seal.

(c) Before any document designated as confidential is filed under seal with the Court, the filing party shall first consult with the Party that originally designated the document as confidential to determine whether, with the consent of that Party, the document or a redacted version of the document may be filed with the Court not under seal.

6. **Obligations upon Conclusion of Litigation.**

(a) <u>Order Remains in Effect</u>. Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Return or Destruction of Confidential Documents.</u> Upon the conclusion of the litigation in this matter, including all appeals, Petitioner and Respondent Starbucks

Corporation shall meet and confer to discuss a reasonable manner in which to return and/or destroy materials protected under this Order.

7. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter. Motions to modify this Order shall be served and filed under Local Rule 7.1 and the Court's standing orders or other relevant orders.

8. **Court's Jurisdiction.** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

***SO ORDERED.***

Dated: December _____, 2022 _____
                                                    U.S. Magistrate Judge

**WE AGREE TO ABIDE**                    **WE AGREE TO ABIDE**
**by the terms of this Order**           **by the terms of this Order**


_____      _____
Matthew A. Jackson                        Jedd Mendelson
Counsel for Petitioner                    Counsel for Respondent

# EXHIBIT 2

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK

TERESA POOR, Regional Director
of Region 29 of the National Labor Relations
Board, for and on behalf of the NATIONAL
LABOR RELATIONS BOARD

                Petitioner

v.

STARBUCKS CORPORATION

                Respondent

**Case No. 1:22-cv-07255-ARR-JRC**

## <u>PROTECTIVE ORDER</u>

1. **Scope.** Deposition testimony as well as any materials (affidavits, records of communications [including emails, text messages, and other electronic transmissions on group chat platforms and otherwise], and other documents) (hereafter "Materials") that are produced as part of the discovery ordered by the Court in this case are subject to this Protective Order ("Order") to the extent that they include Confidential Information. For the purposes of this Order, Confidential Information is material that discusses strategies, actions, communications, advice, and/or plans of Workers United ("Union"), its agents, and/or Starbucks employees (sometimes referenced as "partners") related to organizing individuals who are or were employed by Respondent Starbucks Corporation at its store at 6 Great Neck Road in Great Neck, New York. This Order is subject to the Local Rules of this District, the Federal Rules of Civil Procedure, and the Federal Rules of Evidence. The designation "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN

EDNY CASE NO. 1:22-cv-07255," as set forth in the paragraphs below, does not mean that the content so designated has any status or protection by statute or otherwise, except to the extent and for the purposes of this Order.

2.  **Form and Timing of Designation of Deposition Testimony.**  At the time of a deposition or within 3 days after receipt of the deposition transcript, a party may designate as confidential specific portions of the transcript which contain confidential matters.  This designation shall be in writing and served upon all counsel.  To facilitate this process, the parties' counsel will confer following the conclusion of each deposition so that counsel can preliminarily identify the portions of the testimony that are to be designated confidential and then memorialize any such preliminary designations in writing that same day.  Transcripts will be treated as confidential for 3 days following their issuance except to the extent there is agreement on specific portions of the deposition testimony as a result of the procedure set forth in the preceding sentence.  No objection shall be interposed at deposition that an answer would elicit confidential information, nor shall there be colloquy regarding the confidentiality of testimony or the questions eliciting it.  Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order.  The confidential portion of the transcript and any exhibits referenced solely therein shall be bound in a separate volume and marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN EDNY CASE NO. 1:22-CV-07255," (in a manner that does not interfere with the legibility of the document) by the reporter.

3.  **Form and Timing of Designation of Materials.** Materials designated to be covered by this Order must be prominently marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN EDNY CASE NO. 1:22-cv-07255", but also in a

manner that does not interfere with the legibility of the document. Materials must be so marked prior to or at the time of production or disclosure.

4. **Protection of Material.**

(a) Documents designated "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER ENTERED IN EDNY CASE NO. 1:22-CV-07255 shall be shown only to the attorneys for the parties in this matter, parties, experts, actual or proposed witnesses, court personnel, and other persons necessary to review the documents for the prosecution or defense of this lawsuit. Each person who is permitted to see documents so designated shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidential designation. Each person who is permitted to see confidential documents who is not a party or an attorney for a party shall be required to sign an agreement to be bound by this Order, attached hereto as Exhibit A. The parties agree that any confidential discovery material produced in this litigation may only be used in connection with this litigation.

(b) The deposition testimony and Materials produced under this Order shall only be used in connection with this litigation.

(c) Names of current Starbucks employees may be redacted, except those who have publicly revealed themselves to be known union adherents.

(d) Affidavits produced by Petitioner for witnesses who testified at the administrative hearing are to be maintained on an attorneys' eyes' only basis.

(e) The inadvertent, unintentional, or in camera disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality under this Order. If at any time prior to trial, a

producing party realizes that some portion(s) of the discovery material that the party produced should be designated confidential, the party may so designate it by apprising all parties in writing, and providing that the material has not already been published or otherwise disclosed, such portion(s) shall thereafter be treated as confidential under this Order.

(g)    If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good faith effort to resolve such a dispute with opposing counsel. In the event that such a dispute cannot be resolved by the parties, the parties may submit to the Court a joint letter setting forth their respective positions regarding the dispute and requesting a determination from the Court as to whether the designation is appropriate.  The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

5.  **Filing of Confidential Documents Under Seal.**

(a) The parties shall comply with the Eastern District of New York's Steps for E-Filing Sealed Documents in Civil cases, located at https://www.nyed.uscourts.gov/sites/default/files/forms/EfilingSealedCV>pdf,    if    they wish to move to file a document under seal.

(b)    To the extent that a brief, memorandum or pleading references any document designated as confidential pursuant to this Order, such brief, memorandum or pleading shall refer the Court to the particular exhibit filed under seal, without disclosing the contents of any confidential information.  To the extent that a Party finds it necessary to quote from or otherwise describe in its brief, memorandum or pleading the contents of

any document designated as confidential, then the brief, memorandum or pleading shall be filed under seal.

(c)  Before any document designated as confidential is filed under seal with the Court, the filing party shall first consult with the Party that originally designated the document as confidential to determine whether, with the consent of that Party, the document or a redacted version of the document may be filed with the Court not under seal.

6. **Obligations upon Conclusion of Litigation.**

(a) <u>Order Remains in Effect</u>.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

(b) <u>Return or Destruction of Confidential Documents</u>. Upon the conclusion of the litigation in this matter, including all appeals, Petitioner and Respondent Starbucks Corporation shall meet and confer to discuss a reasonable manner in which to return and/or destroy materials protected under this Order.

7. **Order Subject to Modification.** This Order shall be subject to modification by the Court on its own motion or on motion of a party or any other person with standing concerning the subject matter.  Motions to modify this Order shall be served and filed under Local Rule 7.1 and the Court's standing orders or other relevant orders.

8. **Court's Jurisdiction.** This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder.

*SO ORDERED.*

Dated:  December _____, 2022          _____
                                                                   U.S. Magistrate Judge

**WE AGREE TO ABIDE**
**by the terms of this Order**

**WE AGREE TO ABIDE**
**by the terms of this Order**

_____

_____

Matthew A. Jackson

Jedd Mendelson

Counsel for Petitioner

Counsel for Respondent

**<u>EXHIBIT A</u>**

I have been informed by counsel that certain documents or information to be disclosed to me in connection with the matter entitled *Poor v. Starbucks Corporation*, Case No. 1:22-cv-07255, have been designated as confidential.  I have been informed that any such documents or information labeled "confidential" are confidential by Order of the Court.

I hereby agree that I will not disclose any information contained in such documents to any other person.  I further agree not to use any such information for any purpose other than this litigation.

Print Name:   _____

Sign Name:   _____

Dated:   _____

Signed in the presence of:


_____

(Attorney)