| | |
|---|---|
| Cristina E. Gallo<br>COHEN, WEISS AND SIMON LLP<br>900 Third Avenue, Suite 2100<br>New York, NY 10022-4869<br>Tel.: 212-356-0226<br>Fax: 646-473-8226<br>cgallo@cwsny.com<br>*Attorneys for Workers United*<br>*and David Saff* | Jessica E. Harris<br>GLADSTEIN, REIF & MEGINNISS LLP<br>39 Broadway, Suite 2430<br>New York, NY 10006<br>Tel.: 212-228-7727<br>Fax: 212-228-7654<br>jharris@grmny.com<br>*Attorneys for Joselyn Chuquillanqui*<br>*and Justin Wooster* |

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TERESA POOR, Regional Director of Region 29 of the National Labor Relations Board, for and on behalf of the NATIONAL LABOR RELATIONS BOARD,<br><br>   Petitioner,<br><br> vs.<br><br>STARBUCKS CORPORATION,<br><br>   Respondent. | CASE NO. 22-CV-7255 (ARR)(JRC) |

**SUBPOENAED NON-PARTIES' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO STAY PROCEEDINGS OR, IN THE ALTERNATIVE, FOR <u>RECONSIDERATION OF MAGISTRATE JUDGE'S DISCOVERY ORDERS</u>**

# TABLE OF CONTENTS

**Page**

PROCEDURAL HISTORY ................................................................................................... 3

ARGUMENT ....................................................................................................................... 3

I.      The Case Should be Stayed Pending Litigation of the Subpoena ULP Complaint. ........... 3

II.     Alternatively, the Court Should Grant the Union's Motion for Reconsideration. ............... 7

CONCLUSION .................................................................................................................... 9

CERTIFICATE OF SERVICE ............................................................................................ 10

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Amalgamated Util. Workers v. Consol. Edison Co.*,
 309 U.S. 261 (1940) ................................................................................................. 6

*Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*,
 No. 14 Civ. 9371 (KPF)(SN), 2017 WL 9401102 (S.D.N.Y. Mar. 2, 2017) ............ 7

*Caires v. Adams*,
 No. 3:17-CV-1993 (AWT), 2019 WL 8807865 (D. Conn. Apr. 23, 2019) .............. 8

*Chino Valley Med. Center*,
 362 NLRB 283 (2015), *enf'd*, *United Nurses Ass'ns of Cal. v. NLRB*, 871 F.3d
 767 (9th Cir. 2017) .................................................................................................. 6

*Clinton v. Jones*,
 520 U.S. 681 (1997) ................................................................................................ 4

*Consol. Express v. New York Shipping Ass'n*,
 641 F.2d 90 (3d. Cir. 1981) ..................................................................................... 5

*Guess?, Inc.*,
 339 NLRB 432 (2003) ............................................................................................. 6

*Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*,
 602 F.3d 237 (3d Cir. 2010) .................................................................................... 8

*Kaiser Steel Corp. v. Mullins*,
 455 U.S. 72 (1982) .............................................................................................. 2, 4

*Landis v. N. Am. Co.*,
 299 U.S. 248 (1936) ............................................................................................ 4, 7

*Leslie v. Starbucks Corp.*,
 No. 22-CV-478 (W.D.N.Y.) ................................................................................ 5, 6

*Nelson v. Int'l Bhd. of Elec. Workers Local 46*,
 899 F.2d 1557 (9th Cir. 1990) ................................................................................ 5

*Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders Ass'n*,
 646 F.2d 117 (4th Cir. 1981) .................................................................................. 5

*Pain Relief Centers, P.A.*,
 371 NLRB No. 143 (2022) ..................................................................................... 6

*Reiter v. Cooper*,
    507 U.S. 258 (1993) ............................................................................................. 4

*Sharp v. Webco Indus.*,
    265 F.3d 1085 (10th Cir. 2001) .......................................................................... 4

**Statutes**

29 U.S.C. § 158(a)(1) ................................................................................................. 1

29 U.S.C. § 158(a)(4) ..................................................................................... 1, 3, 6, 8

29 U.S.C. § 185 .......................................................................................................... 5

National Labor Relations Act ............................................................................ *passim*

NLRA Section 7 ..................................................................................................... 2, 8

NLRA Section 10(j) ............................................................................................... 4, 5

NLRA Section 10(l) .................................................................................................... 5

**Other Authorities**

Case 03-CA-304675 .............................................................................................. 2, 4, 6

Case 29-CA-323774 .................................................................................................... 3

Non-parties Workers United, affiliated with SEIU ("Workers United" or the "Union"), and David Saff, an employee of the Workers United New York-New Jersey Regional Joint Board (collectively, the "Union Non-Parties"), jointly with Joselyn Chuquillanqui and Justin Wooster (collectively, the "Workers," and with the Union Non-Parties, "the Subpoenaed Non-Parties"), respectfully submit this memorandum of law in support of their Motion to Stay Proceedings or, In the Alternative, for Reconsideration of the Magistrate Judge's Discovery Orders. Petitioner Teresa Poor, Regional Director of Region 29 of the National Labor Relations Board, takes no position regarding this motion.

On August 5, 2023, after investigating and finding merit in an unfair labor practice ("ULP") charge filed by the Union, the Regional Director of Region 29 of the National Labor Relations Board issued a Complaint and Notice of Hearing (the "Subpoena ULP Complaint") alleging violations of the National Labor Relations Act ("NLRA" or the "Act") by Starbucks Corporation ("Starbucks," the "Employer," or "Respondent"). (The Subpoena ULP Complaint in Case Number 29-CA-309779 is attached to the Declaration of Cristina Gallo in Support of Subpoenaed Non-Parties' Notice of Motion to Stay Proceedings or, in the Alternative, for Reconsideration of Magistrate Judge's Discovery Orders ("Gallo Decl.") as Exhibit A, and the case is hereafter referred to as the "Subpoena ULP Case".) Specifically, the Subpoena ULP Complaint alleges that Starbucks violated Sections 8(a)(1) and 8(a)(4), 29 U.S.C. § 158(a)(1), (4), of the Act[1] when, in December 2022, it issued seven Subpoenas *Ad Testificandum* and *Duces Tecum* (collectively, the "Subpoenas") upon the Subpoenaed Non-Parties and three other current

---

[1] Section 8(a)(1), 29 U.S.C. § 158(a)(1), provides: "It shall be an unfair labor practice for an employer – (1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 157 of this title". Section 8(a)(4), 29 U.S.C. § 158(a)(4), provides: "It shall be an unfair labor practice for an employer – 4) to discharge or otherwise discriminate against an employee because he has filed charges or given testimony under this subchapter."

1

and/or former employees in the instant proceeding. Counsel for the General Counsel ("CGC") has alleged that by serving the Subpoenas, the Employer "interfere[ed] with, restrain[ed], and coerc[ed] employees in the exercise" of their NLRA Section 7 rights. (Gallo Decl., Ex. A, ¶ 7.) The CGC further alleged that by serving the Subpoenas, the Employer "discriminat[ed] against employees for giving testimony" in the underlying unfair labor practice hearing that precipitated the filing of the request for injunctive relief in the instant case.[2] (Gallo Decl., Ex. A, ¶¶ 6(d)-6(f), 8.) A hearing in the Subpoena ULP Case is scheduled to begin on October 25, 2023.

The National Labor Relations Board (the "Board" or "NLRB") has primary jurisdiction and ability to determine, upon review, whether the discovery sought by Starbucks in the instant proceeding is, in fact, violative of Sections 8(a)(1) and (4) of the Act. *See, e.g.*, *Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982).

The Subpoena ULP Complaint is the first step in the Board's adjudicative process, after which an administrative law judge (ALJ) will issue a ruling, which is subject to the Board's review. Were the ALJ to determine that the Subpoenas violate the NLRA, as the CGC has alleged, the ALJ could and likely would order the Subpoenas to be withdrawn. *See* Decision of ALJ Muhl, Case 03-CA-304675, at 21 (May 12, 2023) ("Buffalo ALJ Decision"), attached to the Gallo Declaration as Exhibit B. If, however, this Court has already compelled the Subpoenaed Non-Parties to comply with the Subpoenas before the Board has had the opportunity to exercise its primary jurisdiction over the ULP case, its ability to do so will be undermined. In such circumstances, a stay is appropriate until the NLRB has adjudicated the complaint.

A stay would additionally serve the interests of justice and conserve the resources of the Court by, among other things, avoiding potentially conflicting decisions on the appropriateness

---

[2] Case Numbers 29-CA-292741, *et al.* A multiday hearing was held in those case in October 2022.

of this discovery, taking advantage of agency expertise, as well as sparing the parties and non-parties from attempting to comply with potentially conflicting orders.

Alternatively, the Subpoenaed Non-Parties request that, in light of the issuance of the Subpoena ULP Complaint, the Court reconsider its discovery ruling of March 27, 2023, wherein the Court granted in part and denied in part motions to quash filed by the Subpoenaed Non-Parties and the Petitioner, thereby allowing discovery in this case to proceed.

## PROCEDURAL HISTORY

On or around December 23, 2022, the Employer served the Subpoenas upon the Union, Mr. Saff, Ms. Chuquillanqui, Mr. Wooster, and three additional current and/or former employees: Darren Wisher, Max Cook, and Taydoe Jones. (Dkt. No. 53, Ex. A.) Each of Petitioner and the Subpoenaed Non-Parties moved to quash the Subpoenas. (Dkt. No. 46.) Though the Court granted the motions in part and issued a protective order, it declined to quash parts of the Subpoenas and also permitted Starbucks to serve a second round of subpoenas.[3] Litigation regarding the propriety of the second round of subpoenas is ongoing.

On August 5, 2023, Region 29 of the NLRB issued the Subpoena ULP Complaint, which is scheduled for hearing on October 25, 2023.

## ARGUMENT

**I.  THE CASE SHOULD BE STAYED PENDING LITIGATION OF THE SUBPOENA ULP COMPLAINT.**

This Court should exercise its power to stay the litigation of this case pending the Board's adjudication of the Subpoena ULP Complaint. A stay in these proceedings is necessary

---

[3] The Union has filed a second unfair labor practice charge alleging that Starbucks violated Sections 8(a)(1) and 8(a)(4) of the Act with the second round of subpoenas. This charge has been docketed with NLRB Region 29 as Case 29-CA-323774 and is under investigation.

to protect the NLRB's "primary jurisdiction" and ability to determine, on review of any ALJ decision, 1) whether the discovery Starbucks seeks violates the Act and 2) whether Starbucks discriminated against employees for their participation in the Board processes by issuing the Subpoenas.

As the Supreme Court has recognized, "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). The court "must weigh competing interests and maintain an even balance." *Id.*, 299 U.S. at 254-55. The person seeking a stay "bears the burden of establishing its need." *Clinton v. Jones*, 520 U.S. 681, 708 (1997) (citation omitted).

Under the doctrine of primary jurisdiction, a court has the discretion to stay its proceedings in order to give an administrative agency the opportunity to decide questions within its expertise. *See Kaiser Steel Corp. v. Mullins*, 455 U.S. 72, 83 (1982) (NLRB vested with primary jurisdiction to determine what conduct amounts to an unfair labor practice under NLRA); *see also Reiter v. Cooper*, 507 U.S. 258, 268 (1993) (explaining that the doctrine of primary jurisdiction "give[s] the parties reasonable opportunity to seek an administrative ruling" in what amounts to an effective "referral" to the appropriate agency) (citations and footnote omitted); *see, e.g.*, Buffalo ALJ Decision at 6 ("Jurisdiction . . . rests solely with the Board.") (citing *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 48 (1938)).

Courts routinely stay federal litigation during the adjudication of administrative complaints in deference to the Board's primary jurisdiction. *See Sharp v. Webco Indus.*, 265 F.3d 1085, 1088- 89 (10th Cir. 2001) (enjoining prosecution of a state-court lawsuit against employees under NLRA Section 10(j) pending Board consideration of whether lawsuit was

4

unlawful in order "to preserve the Board's exclusive jurisdiction and to prevent the possibility of inconsistent judgments between the Board and the state forums"); *Nelson v. Int'l Bhd. of Elec. Workers Local 46*, 899 F.2d 1557, 1564 (9th Cir. 1990) (finding NLRB has primary jurisdiction to construe the Act and affirming injunction of lawsuit under Section 10(l) of the NLRA to protect the primary jurisdiction of the Board; affirming that stay of Section 301, 29 U.S.C. § 185, action properly "up[held] the primary jurisdiction of the Board" to decide pending ULP); *Consol. Express v. New York Shipping Ass'n*, 641 F.2d 90, 94 (3d. Cir. 1981) (remanding for entry of a stay pending a "final determination" of the pending ULP charges before the Board) ("[W]here resolution of a particular issue has also been vested in an administrative agency having primary responsibility for the resolution of issues arising under a given statutory regulatory scheme, a stay pending agency determination is often appropriate."). Courts have also granted stays to avoid the possibility of conflicting rulings. *See, e.g.*, *Nelson*, 899 F.2d at 1564 (where NLRB's investigative finding contradicted arbitration award, "strong likelihood of a conflict between the ultimate NLRB ruling and the arbitral award" warranted a stay); *see also Newport News Shipbuilding & Drydock Co. v. Peninsula Shipbuilders Ass'n*, 646 F.2d 117, 122, 122 n.8 (4th Cir. 1981) (stay may be warranted to protect "against the possibility of a district court judgment in conflict with . . . a pending unfair labor practice proceeding" and holding that district courts should not interfere where NLRB has "exclusive jurisdiction").

The ALJ presiding over the Subpoena ULP Case could well determine that the Subpoenas and/or any of their requests violate the Act. Indeed, another NLRB ALJ has already found that substantively identical subpoenas issued in another Section 10(j) proceeding were unlawful.[4] Further, the NLRB has routinely found that discovery requests by an employer that

---

[4] In a Section 10(j) proceeding in the Western District of New York, *Leslie v. Starbucks Corp.*, No. 22-CV-478 (W.D.N.Y.), the Employer served subpoenas on more than 22 Union representatives and workers that are

5

seek information about protected concerted activity – like those in the Subpoenas – violate the NLRA. *See, e.g.*, *Pain Relief Centers, P.A.*, 371 NLRB No. 143 (2022) (discovery requests promulgated in court within a month of issuance of NLRB complaint "demonstrate[] a motive to retaliate" in violation of Section 8(a)(4)"); *Chino Valley Med. Center*, 362 NLRB 283, 283 n.1 (2015) (revoking broad subpoena seeking, *inter alia*, documents relating to the solicitation of union authorization cards) (citations omitted), *enf'd*, *United Nurses Ass'ns of Cal. v. NLRB*, 871 F.3d 767 (9th Cir. 2017)); *Guess?, Inc.*, 339 NLRB 432, 434-35 (2003) (employer violated the Act, *inter alia*, by deposing worker about identity of union supporters). There is good reason to think that a similar ruling will result here, especially in light of the decision regarding the *Leslie* subpoenas.

Were the ALJ here to find merit to the Subpoena ULP Complaint, the ALJ could and likely would, order Respondent to withdraw, modify, or dismiss any of the Subpoenas' requests found unlawful, including ones that were not quashed by the Court, as was ordered by the ALJ in the Buffalo case. Buffalo ALJ Decision at 21. The Board could then affirm that remedy. *See Amalgamated Util. Workers v. Consol. Edison Co.*, 309 U.S. 261, 265 (1940) (NLRB possesses the statutory authority and primary jurisdiction to determine whether the discovery at issue violates the NLRA, and to remedy any such violations in the public interest). If this case is allowed to proceed, however, and discovery ensues, any ultimate Board remedy may be null and void by the time it is ordered, as the Subpoenaed Non-Parties will have been forced to disclose confidential documents and information concerning protected NLRA activity that the Employer

---

substantially identical to the Subpoenas. *See* Buffalo ALJ Decision at 7, 13-18 n.19-35. In his decision, ALJ Muhl ordered the rescission of the overwhelming majority of the subpoenas' requests. Specifically, he ordered Starbucks "to withdraw and, if necessary, otherwise seek to dismiss all of [21] discovery requests in *Leslie*" with the exception to two subparts of the first request. *Id.* at 21.

was not permitted to ask for in the first instance. To allow discovery while the administrative proceedings are ongoing would thus fatally undermine the Board's "primary jurisdiction" to determine what conduct violates the Act and could deprive the agency of its mandate to enforce the Act.

Further, should the Court allow discovery to proceed, there is a considerable risk that Respondent and the Subpoenaed Non-Parties will be subject to conflicting rulings from the Board (and possibly a court of appeals reviewing any Board order), and this Court.

In addition, as a practical matter, a stay would conserve the resources of the Court, the parties, and the non-parties by short-circuiting continuing litigation of the discovery disputes that could be resolved by the NLRB's adjudicative process. *Landis*, 299 U.S. at 254. This is particularly important with respect to the Subpoenaed Non-Parties, who are just that – non-parties – and five of whom are current and/or former employees of Starbucks. *See Blackrock Allocation Target Shares: Series S Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 Civ. 9371 (KPF)(SN), 2017 WL 9401102, at *1 (S.D.N.Y. Mar. 2, 2017) ("[T]he Court should be particularly sensitive to weighing the probative value of the information sought against the burden of production on [a] non party.") (citations and internal quotation marks omitted). Therefore, a stay would spare the Subpoenaed Non-Parties further undue burden.

## II. ALTERNATIVELY, THE COURT SHOULD GRANT THE UNION'S MOTION FOR RECONSIDERATION.

Alternatively, in light of the Subpoena ULP Complaint's allegations that the Subpoenas are unlawful and that Starbucks retaliated against current and/or former employees by issuing them, the Court should reconsider its previous discovery order of March 27, 2023, wherein it quashed the Subpoenas only in part. (Dkt. Entry Mar. 27, 2023.) The Subpoena ULP Complaint alleges that Starbucks "interfere[ed] with, restrain[ed], and coerc[ed] employees in the exercise"

7

of their statutory NLRA Section 7 rights with the Subpoenas. (Gallo Decl., Ex. A, ¶ 7.) It further alleges that by serving the Subpoenas, the Employer "discriminat[ed] against employees for giving testimony" in the underlying unfair labor practice hearing in violation of Section 8(a)(4) of the Act, which protects the agency's witnesses from retaliation for participating in its investigative process. (Gallo Decl., Ex. A, ¶¶ 6(d)-6(f), 8.) In essence, the Subpoena ULP Complaint alleges what the Subpoenaed Non-Parties have argued from inception: that the Employer seeks to weaponize the powers of the federal court against pro-Union workers. Such an effort should be rejected by granting in full the motions to quash of the Subpoenaed Non-Parties and Petitioner.

"The major grounds justifying reconsideration are 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Caires v. Adams*, No. 3:17-CV-1993 (AWT), 2019 WL 8807865, at *1 (D. Conn. Apr. 23, 2019) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal quotation marks and citation omitted). The Subpoena ULP Complaint, which was recently issued and therefore not previously available, is tantamount to "new evidence" warranting reconsideration of the prior discovery ruling refusing to quash all of Starbucks's requests. *See Howard Hess Dental Labs. Inc. v. Dentsply Int'l, Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) ("New evidence . . . means evidence that a party could not earlier submit to the court because that evidence was not previously available.") (citation omitted).

For the reasons stated in more detail in the Union Non-Parties' and Workers' Motions to Quash and Petitioner's Motion to Quash (Docket Numbers 58-62), all the information which Starbucks's Subpoenas seek is protected under the NLRA and constitutional authority and/or is privileged, and the Union and the Workers cannot be compelled to produce it.

8

**CONCLUSION**

As set forth above, any ultimate Board decision in Case No. 29-CA-309779 may conflict with the Court's extant discovery orders in this case. Given the likelihood of conflicting orders between the Board and this Court, if the Court decides not to stay the proceedings, it should reconsider its previous discovery order, and issue such an order consistent with the allegations of the Subpoena ULP Complaint.

Dated: August 25, 2023

Respectfully Submitted,

/s/ Cristina E. Gallo
Cristina Gallo
Cohen, Weiss and Simon LLP
900 Third Avenue, Suite 2100
New York, NY 10022
(212) 563-4100
cgallo@cwsny.com

*Attorneys for Workers United and David Saff*

/s/ Jessica E. Harris
Jessica E. Harris
Gladstein, Reif & Meginniss, LLP
39 Broadway, Ste. 2430
New York, NY 10006
(212) 228-7727
jharris@grmny.com

*Attorneys for Joselyn Chuquillanqui and Justin Wooster*

# **CERTIFICATE OF SERVICE**

I certify that on August 25, 2023, the foregoing document was electronically filed with the Clerk of the Court using the CM/ECF system. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

Dated: August 25, 2023

Respectfully Submitted,

/s/ Cristina E. Gallo
Cristina Gallo (CG-3503)
Cohen, Weiss and Simon LLP
900 Third Avenue, Suite 2100
New York, NY 10022
(212) 563-4100
cgallo@cwsny.com

*Attorneys for Workers United and David Saff*